# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **PRIDE HOUSTON, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **THE NEW FACES OF PRIDE** | § | |
| **HOUSTON, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

---

### Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action

---

To the Honorable Judge of this Court:

COMES NOW, Pride Houston, Inc., Plaintiff in the above-styled and numbered cause ("Plaintiff"), and files this, its Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and Declaratory Action against The New Faces of Houston Pride, Inc. ("Defendant"), and in support of same would respectfully say and show this Honorable Court the following:

## I.
### Nature of the Action

1.      This is an action for violations of Sections 32 and 43 of the Lanham Act for false designation and origin, false descriptions and representations in interstate commerce, and dilution of trademark under Section 43 of the Lanham Act.  15 U.S.C. §§ 1114 and 1125.

2.      Plaintiff also brings causes of action for unfair competition, common law unfair competition, declaratory relief, and exemplary damages, as well as seeks recovery of attorneys'

fees and litigation costs in connection with same.

3.      Plaintiff further seeks the imposition of the temporary restraining order, temporary injunction, and permanent injunction respectfully requested herein, as well as performance of the declaratory action described further below.

## II.
### PARTIES

4.      Plaintiff Pride Houston, Inc., is a Texas non-profit corporation that does business within the State of Texas.  Plaintiff may be reached and served with process care of counsel, Jamison B. Walters, Kearney, McWilliams & Davis, PLLC, 55 Waugh Drive, Suite 150, Houston, Texas 77007.

5.      Defendant The New Faces of Pride Houston, Inc., is a Texas non-profit corporation which has engaged in the publication of its services so as to violate and infringe Plaintiff's federally registered Trademarks and unfairly compete with Plaintiff's services offered in relation to same.  Defendant may be reached and served with process through its registered agent, Lori Hood, 2900 N. Loop W., Suite 500, Houston, Texas 77092.

## III.
### JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this matter pursuant to the Trademark Act of 1946, 15 U.S.C. 1051, *et seq.*, and 28 U.S.C. 1338(a) because this claim arises under an Act of Congress relating to trademarks and unfair competition.  Jurisdiction is also proper in this matter under 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

7.      Venue is proper pursuant to 28 U.S.C. §§1391(b) and (c) as all parties to this civil action are residents of, or transact business in, the Southern District of Texas.  Further, a substantial

part of the events giving rise to the claims involved in this lawsuit occurred in Houston, Texas, and the intellectual property at issue is located in, and owned by corporate entities headquartered within, Houston, Texas.

## IV.
### FACTUAL BACKGROUND

10.     Plaintiff is a nationally and locally known entertainment service provider.  Specifically, Plaintiff's services include the planning, marketing, and facilitation of social events such as festivals, parades, fashion shows, night-life events, and community engagement events (collectively, hereinafter "Plaintiff's Pride Events") specifically catered to individuals residing within and outside of Houston, Texas, who identify as lesbian, gay, bisexual, transgender, queer, intersex, asexual, and/or otherwise non-heterosexual and/or non-gender conforming (collectively, hereinafter the "LGBTQ+ Community"), as well as their social and civil allies. Plaintiff's federal trademarks, identified below, are registered under goods and services related to promoting public awareness of the need for diversity and equal rights in a community comprising LGBTQ-identifying people, as well as to commemorating and celebrating the history of the gay and lesbian communities.  *Exhibit 1 – Declaration of Kendra Walker; see also* Exhibits 2-6, referenced immediately below.

11.     Plaintiff is the owner of the following trademarks registered with the United States Patent and Trademark Office ("USPTO"), attached hereto as Exhibits 2-6 as identified below ("Trademarks"):

| Trademark | Registration Date | Registration No. | Exhibit No. |
|---|---|---|---|
| Pride Houston | February 12, 2008 | 3380987 | 2 |

| Houston Pride Festival[1] | October 17, 2017 | 5313882 | 3 |
|---|---|---|---|
| Houston Pride Parade[2] | October 17, 2017 | 5313881 | 4 |
| Houston LBGT Pride Celebration | April 23, 2019 | 5732151 | 5 |
| Pride Houston Celebration | October 19, 2021 | 6530464 | 6 |

[1] – also subject to USPTO pending application serial number 98/164,242
[2] – also subject to USPTO pending application serial number 98/164,346

12.     Plaintiff has been in continuous operation since September 1991, first under the business name Pride Committee of Houston, Inc., and has operated as Pride Houston, Inc. since March 9, 2005.  *Exhibit 7 – Articles of Incorporation)and Amendment for Name Change*.  Over the past thirty-two (32) years, Plaintiff has become incredibly well-known among LGBTQ+ communities and their allies, both nationally and internationally.  Plaintiff's Pride Events have been exceptionally well-received by these communities and have gained significant recognition among the general public, comprising over seven hundred thousand (700,000) participants each year between its various Houston events. *Exhibit 1*.

13.     Several of Plaintiff's trademarks have achieved § 2(f) designation by having acquired such distinctiveness that consumers directly associate said Trademarks with Plaintiff, and two (2) of said Trademarks are currently pending § 2(f) acceptance.  Exhibits 2 - 6; *see* 37 C.F.R. §2.41; TMEP §§1202.03(d), 1212.06 *et seq*.

14.     Plaintiff's popularity and success result from Plaintiff's proven ability to deliver quality Plaintiff's Pride Events through continued development and marketing of Plaintiff's well-established and federally-protected brand.  Plaintiff enjoys tremendous success, widespread visibility, and goodwill throughout the United States including the popularity and widespread

---

recognition of Plaintiff's trade name by various media outlets and the numerous positive endorsements of Plaintiff's Pride Events. *Exhibit 1.*  Through Plaintiff's Pride Events and other points of exposure, the public has come to recognize and to trust Plaintiff's brand and trade name. *Exhibits 1; 7.*

15.     The relationships between Plaintiff and the members of Defendant's current executive board began several years before the initiation of this lawsuit. *Exhibit 1.*  During this time, several of Defendant's board members served as board members for Plaintiff or otherwise assisted Plaintiff in organizing, marketing, and facilitating Plaintiff's Pride Events. *Exhibit 1.* Plaintiff's Pride Events, namely, for example, its "Houston Pride Parade" and "Houston Pride Festival," have been incredibly successful and highly anticipated throughout LGBTQ communities locally and nationally.  During Kendra Walker's tenure with Plaintiff, however, Defendant's Directors and employees, Dustin Scheffield, Monte Bacchus, Donald James, Jill Maxwell, and Andrew Simonton, became dissatisfied with Plaintiff's management, which led to internal disputes and complaints against Plaintiff's current and former leadership.  Defendant's board members subsequently left Plaintiff's employ and created a new organization named "The New Faces of Pride." *Exhibit 8 – Certificate of Formation of The New Faces of Pride.*  While Plaintiff interpreted Defendant's original business name as an intended slight towards Plaintiff's management, Plaintiff did not immediately view said name as legally problematic.

16.     However, soon after its initial formation, Defendant changed its business name to "The New Faces of Pride Houston," which immediately infringed Plaintiff's brand and trade name of "Pride Houston."  *Exhibit 9 – Certificate of Amendment for New Faces of Pride Houston.* Defendant's name change also immediately indicated to Plaintiff that Defendant had committed

the name change with the clear intent to cause confusion, or imply association, with Plaintiff's "Pride Houston" brand and trade name.  *Exhibits 8, 9.*  Defendant's publication of its name in relation to Plaintiff's Pride Events for the LGBTQ+ Community also blatantly infringes upon Plaintiff's Trademarks.

17.     Defendant's business name is unregistered with the United States Patent and Trademark Office ("USPTO") as of the date of this complaint.  However, Defendant's business name is featured on Defendant's related Facebook and Instagram pages and posts, and in at least three (3) Houston news publications, including OutSmart Magazine and the Houston Business Journal, which are also featured within Defendant's social media accounts.  *Exhibit 10 – Pride Houston Infringement Specimens; Exhibit 11 - Outsmart Magazine Article: "Will Houston Have Two Pride Celebrations" dated October 19, 2023 (the "Outsmart Article"); Exhibit 12 – Houston Business Journal Article: "Exclusive: Houston's newest LGBTIA+ nonprofit aims to celebrate Pride year-round" dated October 4, 2023 (the "HBJ Article").*

18.     With the Houston Business Journal article announcing the existence and purpose of Defendant's intended business operations, Defendant began publicizing its intention to host a competing parade and festival for Pride Month in Houston under its infringing business name.  *Exhibits 10, 11, 12.*  Soon after, Defendant began marketing its own version of social events as the "Houston Pride Parade and Festival" which clearly infringes upon Plaintiff's Pride Events and related Trademarks.  *Exhibit 13 – Houston Pride Parade and Houston Pride Festival Infringement Examples; Exhibits 2, 3, 4.*

19.     Plaintiff has invested, and continues to invest, significant time, effort, and sums to build and maintain the quality and the image of its brand and trade name.  The success of Plaintiff's

---

brand and trade name is demonstrated by the dramatic and consistent increase in sales of Plaintiff's affiliated Pride Events, such as the "Houston Pride Parade" and "Houston Pride Festival." By unlawfully copying and trading on Plaintiff's brand and trade name, for its own competing social events, Defendant has both violated the federally protected intellectual property rights of Plaintiff and disrupted Plaintiff's consumer base and business relationships. Defendant's actions amount to nothing more than an impermissible attempt to fraudulently associate itself with Plaintiff's brand, trade name, and Trademarks in order to unfairly compete with Plaintiff and abscond with the public recognition and business relationships that Plaintiff has arduously earned over its many years of continued success. *Exhibit 1.*

20.     Defendant continues to demonstrate its intent to misappropriate Plaintiff's Trademarks and goodwill by promoting its own competing social events intended to hijack and diminish Plaintiff's Pride Events. For example, Defendant has scheduled its own "Houston Pride Parade and Festival" to occur one (1) week *before* Plaintiff's "Houston Pride Parade" in order to unlawfully undercut the impact and attendance generated through same—even going so far as to exactly replicate the parade route itself. *Exhibit 11; Exhibit 14 – Houston Pride Parade Map and Event Date; Exhibit 15 – New Faces of Pride Houston Pride Parade and Festival, Date and Parade Map.* Given the distinctive Trademarks maintained by Plaintiff and the significant Plaintiff's Pride Events associated with same, Defendant's actions blatantly infringe upon Plaintiff's intellectual property rights.

21.     Defendant is further engaged in several other infringing activities, including publication of Defendant's infringing, competing social events with the likeness and function of Plaintiff's Pride Events under a confusingly similar name. *Exhibits 10, 13, 15.* In fact, Plaintiff

has been inundated with a series of communications from vendors, donors, and consumers seeking to clarify their actual confusion about the potential connection or relationship between Plaintiff and Defendant. *Exhibit 16 – Confusion Communications Due to Infringement*. Despite there being absolutely no such connection or relationship between Plaintiff and Defendant, the continuous infringing actions of Defendant has caused these parties to incorrectly believe there is a rebranding or an affiliation between the two. *Exhibit 16*.

22.     More specifically, but without limitation, Plaintiff's customers, as well as several other third parties, have contacted Plaintiff concerning Defendant's publication and marketing efforts of Defendant's infringing social events because of the confusing similarity in the likeness and trade names used by Defendant with same, as well as the closeness in time between Defendant's infringing pride parade and Plaintiff's Houston Pride Parade. *Exhibits 13, 14, 15; Exhibit 17 – Houston Public Media Article: Houston's feuding Pride organizations planning two separate events for June 2024* .

23.     Defendant is keenly aware that its unauthorized use of Plaintiff's brand, trade name, and Trademarks would result in an unfair benefit to Defendant, who willfully and intentionally selected a confusingly similar business name, event names, and social media tags to promote Defendant's services and events. *Exhibit 10*. Defendant is engaged in infringing activities, including organizing and marketing events and services under a brand name that bears the likeness and image of Plaintiff's organization and trade name. *Id.* Defendant has gone so far as to refer to itself as "Official Houston Pride" on its social media accounts, such as Instagram, despite having only been formed less than four (4) months prior to this filing, in order to appear as the rebranded version of, or otherwise affiliated with, Plaintiff's historic and successful brand

when it is not.  *Exhibits 8, 10, 13*.

24.     Defendant's conduct stands in violation of applicable federal laws as it has caused actual confusion, is likely to continue to do so, and is unlawfully intended to confuse, cause mistake, or deceive consumers as to the source, affiliation, sponsorship, license, and origin of the events planned, organized, marketed, and facilitated by Defendant. *Exhibits 9, 10, 11, 13, 17*.

25.     Defendant's actions nullify Plaintiff's right to the exclusive use of its Trademarks free from infringement.  Defendant's activities have had and will continue to have a substantial, adverse effect on Plaintiff's existing and projected future business and the marketing of products and services identified by Plaintiff's registered Trademarks, as well as the goodwill of Plaintiff's business inherently associated with the use of, and symbolized by, Plaintiff's protected "Pride Houston" brands, including those of its staple "Houston Pride Parade" and "Houston Pride Festival."  Finally, and upon information and belief, Defendant is marketing their organization with the name "The New Faces of Pride Houston" with the specific design to siphon off brand recognition from Plaintiff.

26.     Plaintiff attempted to resolve the claims raised in this civil action without the need for judicial involvement by delivering written demand that Defendant immediately cease the infringing activity and conduct described herein.  Rather than open a meaningful dialogue intended to achieve an amicable resolution, Defendant has rebuffed Plaintiff's communication attempts and instead taken to local news media to lambast same in furtherance of Defendant's obvious desire to disparage and defame Plaintiff's successful "Pride Houston" brand and trade name, Plaintiff's Trademarks, and Plaintiff's Pride Events. *Exhibits 11, 12, 16; Exhibit 18 – Declaration of Erik J. Osterrieder; Exhibit 19 – October 11, 2023 Cease and Desist Letter;*

*Exhibit 20 – October 12, 2023 email exchange between E. Osterrieder and Lori Hood, legal counsel for Defendant.*

27.     In order to enforce and protect Plaintiff's legal rights and the federal protection provided for Plaintiff's registered intellectual property, Plaintiff had no choice but to bring the instant civil action and request for injunctive and declaratory relief in an attempt to completely discontinue the unlawful activity of Defendant.

**V.**

**CAUSES OF ACTION**

**A.     Count One: Trademark Infringement**

28.     Plaintiff reasserts the allegations contained in Paragraphs 1 through 27 of this Complaint by reference as if set forth verbatim herein and requests relief from this Court for Plaintiff's trademark infringement causes of action of each trademark listed in Paragraph 11.

29.     Plaintiff's claims arise from Sections 32 and 43 of the Lanham Act for infringement of registered and unregistered trademarks.  15 U.S.C. §§1114 and 1125.

30.     Defendant has intentionally and knowingly copied and/or used confusingly similar marks as compared to at least Plaintiff's distinctive "Pride Houston" trademark, "Houston Pride Parade" trademark, and "Houston Pride Festival" trademarks through the purchase and dissemination of certain internet advertisements for Defendant's business name, "The New Faces of Pride Houston," and competing social events advertised by Defendant in association with same.  Defendant's wrongful advertisements are both insidious and unlawful in that they are automatically displayed upon Plaintiff's internet consumers searching for the keywords contained in Plaintiff's Trademarks.  Said intentional and wrongful conduct occurred in the

---

course of Defendant's commercial and advertising activities.  Furthermore, Defendant's junior and unregistered marks are confusingly similar to Plaintiff's senior and registered trademarks in sight, sound, connotation, commercial impression, services, trade channels, and targeted consumers.

31.     Specifically, Defendant has implemented this unlawful advertising campaign by using certain advertising words and social media tags, namely, Plaintiff's "Pride Houston" business name and Plaintiff's "Houston Pride Parade" and "Houston Pride Festival" trademarks, and this has caused Plaintiff's consumers, who were already acutely aware of Plaintiff's now-active "Houston Pride Parade" event registration, to be confused about the source and affiliation of Plaintiff's Pride Events and Defendant's infringing social events.  Thus, any consumer searching for Plaintiff's "Pride Houston' business name or event registration is likely to be wrongfully directed to Defendant's advertisement for Defendant's "The New Faces of Pride Houston" business name and related social events.

32.     Further, through this unlawful misdirection, Defendant has effectively advertised and represented to Plaintiff's consumers that Defendant is Plaintiff's successor organization despite there being no connection or relationship between them.  Similarly, at all times during Defendant's wrongful implementation of this unlawful advertisement and infringement scheme, Plaintiff's "Pride Houston" trademark was not in any way related or associated with Defendant's infringing business name or events, nor was Plaintiff's business name or Trademarks authorized or licensed to Defendant in any capacity whatsoever.

33.     Given the significant and obvious similarities Defendant stole from Plaintiff's Trademarks and incorporated into Defendant's marketing for "The New Faces of Pride

Houston," Plaintiff contends Defendant intended for Defendant's business name and marketed Pride Events to be "passed off" as Plaintiff and Plaintiff's Pride Events, respectively. *Exhibits 10, 11, 12, 13, 15, 16, 17.* The unauthorized use of Plaintiff's Trademarks falsely indicated to consumers that Defendant's business and related community events originated from, was approved, sponsored or licensed by, or affiliated with Plaintiff and/or Plaintiff's business and Trademarks when it is not.

34. Plaintiff has not licensed the use of its Trademarks to Defendant. Plaintiff's "Houston Pride Parade" and "Houston Pride Festival" registrations are hosted and marketed primarily online largely through the use of various social media platforms and electronic mail. *Exhibit 1.* Defendant's infringing marketing, promotion, and event-registration hosting activities are likewise implemented over the internet and further marketed through various social media platforms and electronic mail. *Exhibits 10, 11, 12.* Defendant's "The New Faces of Pride Houston" business name and related social events are thus presented to consumers through the same or similar channels in which Plaintiff's legitimate services are marketed and sold.

35. Still further, without permission, license, or other authority of sponsorship, authority, or endorsement from Plaintiff, Defendant infringed upon Plaintiff's Trademarks in order to undertake Defendant's wrongful advertising campaign and also facilitate fundraising from Plaintiff's sponsors and donors under false pretenses. Through Defendant's infringement, and knowledge gained from prior employment and/or association with Plaintiff, Defendant is unlawfully attempting to finance its competing social events through funds gained through illicit and unauthorized affiliated with Plaintiff. Defendant has organized its infringing and confusingly similar named social events in violation of Plaintiff's Trademarks within this

district and throughout the United States.

36.     Prior to the several unlawful and infringing acts complained of herein:

(i)      Plaintiff marketed Plaintiff's "Pride Houston" brand and trade name with Plaintiff's Trademarks for at least the past sixteen (16) years;

(ii)     Plaintiff expended, and continues to expend, large sums of money to build, maintain, extend, and protect Plaintiff's reputation, especially with regard to Plaintiff's "Pride Houston" business name, Trademarks, and Plaintiff's Pride Events;

(iii)    Plaintiff engaged, and continues to engage, in intrastate and interstate activities designed to promote Plaintiff's "Pride Houston" brand and trade name, the goodwill associated with same, as well as Plaintiff's Trademarks, and Plaintiff's Pride Events;

(iv)    Plaintiff engaged, and continues to engage, in interstate activities designed to promote the business and goodwill identified by Plaintiff's "Pride Houston" business name and Plaintiff's Trademarks in interstate commerce, and to expand the use and reputation of Plaintiff's business, Trademarks, and property throughout the United States;

(v)     Plaintiff's registered Trademarks have been, and continue to be, known in numerous states as marks identifying and distinguishing Plaintiff's "Pride Houston" business name and Plaintiff's Pride Events. Three (3) of five (5) of Plaintiff's Trademarks have achieved § 2(f) designation by having acquired such distinctiveness that they consumers directly associate said Trademarks direction

with Plaintiff, and two (2) of the Trademarks are currently pending § 2(f) acceptance.  *Exhibits 2 - 6*; *see* 37 C.F.R. §2.41; TMEP §§1202.03(d), 1212.06 *et seq*;

(vi)    Plaintiff's Trademarks are distinctive, and have been, and continue to be, known throughout the United States as identifying and distinguishing the business of Plaintiff;

37.    Defendant's conduct is likely to cause confusion, cause mistake, or deceive consumers as to the source and origin of "The New Faces of Pride Houston" marketed, advertised, and organized by Defendant.  Such confusion, mistake, or deception occurred in the course of Defendant's commercial and advertising activities.  In fact, and as examples of likelihood of confusion, Defendant's activities have caused *actual* confusion with consumers as to the source and origin of such products. *Exhibit 16.* More specifically, but without limitation, Plaintiff's customers, as well as various third parties, have mistakenly contacted Plaintiff concerning Defendant's infringing "The New Faces of Pride Houston" business name and related social events because of the nearly identical likenesses between Plaintiff, its Trademarks, and Plaintiff's Pride Events.  *Id.*  This actual confusion is bolstered through Defendant's wrongfully infringing advertising scheme regarding Defendant's trade name and related social events, as well as the Defendant's deliberate passing off of same as those of Plaintiff.  *Exhibit 16.* Defendant's acts operate to nullify Plaintiff's lawful right to the exclusive use of Plaintiff's Trademarks free from infringement.

38.    Defendant's activities have had, and will continue to have, a substantial, adverse effect on Plaintiff's existing and projected future interstate business of marketing products and

services identified by Plaintiff's Trademarks, as well as the goodwill of Plaintiff's business generated through the use of, and symbolized by, Plaintiff's "Pride Houston" brand and trade name and Plaintiff's Trademarks.

39.     Defendant's activities and conduct constitute infringement of Plaintiff's registered and common law trademarks in violation of Sections 32 and 43 of the Lanham Act.  15 U.S.C. §§ 1114 and 1125.

40.     Plaintiff has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby and unless Defendant's conduct is enjoined, Plaintiff's goodwill and reputation will continue to suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages.   Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

41.     Because Defendant has been demanded in writing to immediately cease all infringing activity and conduct prior to the initiation of this civil action, thereby providing Defendant with notice of same.  Defendant has not complied with such lawful demand without justification or excuse.  Thus, Defendant has intentionally and knowingly used Plaintiff's Trademarks and, accordingly, Plaintiff is entitled to a judgment of three (3) times its damages or Defendant's profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and (b).

**B.     Count Two: Trademark Dilution**

42.     Plaintiff reasserts the allegations contained in the preceding Paragraphs of this Complaint by reference as if set forth verbatim herein and requests relief from the Court for Trademark Dilution under Section 43(c) of the Lanham Act.  15. U.S.C. §1125(c).

43.     As a result of Plaintiff's continuous promotion of Plaintiff's "Pride Houston" brand and

trade name, and Plaintiff's associated intellectual property, at least three of Plaintiff's Trademarks have achieved recognition as a distinctive § 2(f)-designated trademarks. *Exhibits 2 - 6*; *see* 37 C.F.R. §2.41; TMEP §§1202.03(d), 1212.06 et seq.

44.     Defendant's use in commerce of the deliberately misleading "The New Faces of Pride Houston" business name, including marketing Defendant's competing social evens, began after Plaintiff's had spent *decades* investing and strengthening Plaintiff's Trademarks and Plaintiff's "Pride Houston" brand and trade name. Defendant's deceptive use of "The New Faces of Pride Houston" in both its marketing and organization has caused dilution of the distinctive quality of Plaintiff's Trademarks as such conduct constitutes wrongful commercial and advertising activities. Such conduct has caused injury to Plaintiff pursuant to 15 U.S.C. § 1125(c).

45.     Defendant willfully intended to trade on Plaintiff's reputation and goodwill and/or to cause dilution of Plaintiff's Trademarks. Accordingly, Plaintiff is entitled to recover its damages, as well as Defendant's profits received as a result of the infringement pursuant to 15 U.S.C. § 1117(a).

46.     Unless Defendant's conduct is enjoined, Plaintiff, including Plaintiff's goodwill and reputation and the significant value of Plaintiff's Trademarks, will suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages. Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c)(1) against Defendant.

### C.     Count Three: Unfair Competition

47.     Plaintiff reasserts the allegations contained in the preceding Paragraphs of this Complaint by reference as if set forth verbatim herein and requests relief from this Court for

Plaintiff's trademark infringement cause of action pursuant to 15 U.S.C.§1125(a).  Defendant's actions constitute unfair competition in violation of the Lanham Act.  15 U.S.C. §1125(a).

48.     Plaintiff is the owner of "Pride Houston," "Houston Pride Parade," and "Houston Pride Festival," all federally registered trademarks associated with Plaintiff's "Pride Houston" brand and trade name, as well as Plaintiff's Pride Events, that Defendant has infringed upon, continues to infringe upon, and expressed the intent to continue such unlawful infringement indefinitely. Plaintiff's Trademarks are distinctive.  Plaintiff's "Pride Houston" brand and trade name and associated Trademarks gained substantial secondary meaning in commerce amongst Plaintiff's consumers and the general public.

49.     Through its own advertising and internet fundraising, and event names, Defendant is infringing upon Plaintiff's federally registered Trademarks in commerce without the authorization of Plaintiff in a way that has caused consumer confusion as to Defendant's association or affiliation with Plaintiff's "Pride Houston" business.  This is especially true given the history between several of Defendant's officers, executives, and/or directors and Plaintiff. *Exhibit 1*.  Defendant, through Defendant's prior engagement with Plaintiff, had uninhibited access to Plaintiff's business affairs and Plaintiff's consumers.  Capitalizing on that access and familiarity, Defendant created an organization that wrongfully advertises to Plaintiff's consumers while diverting business away from, and discrediting, Plaintiff's "Pride Houston" brand, trade name, and related Trademarks.  These actions constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Such actions were intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.  Defendant's actions and use of Plaintiff's

Trademarks, or confusingly similar imitations thereof, suggest sponsorship, approval and/or endorsement from Plaintiff which is wholly absent and must be enjoined.  For each act of unfair competition, Plaintiff is entitled to recover its actual damages as well as Defendant's profits from such infringement.  Defendant's acts have directly caused, and will continue to directly cause, harm to Plaintiff.

51.     Monetary relief alone is not adequate to fully address the irreparable injury that Defendant's illegal actions have caused and will continue to cause Plaintiff if Defendant is not enjoined from same.  Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to terminate and further prevent Defendant's ongoing unfair competition.

> **D.**     **Count Four: Request for Declaratory Relief**

52.     Plaintiff seeks a declaratory judgment recognizing that Plaintiff has full rights in and to Plaintiff's Trademarks pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.001, *et seq*.; Fed. R. Civ. P. 57; and 28 U.S.C. §§ 2201, 2202.  Pursuant to said request, Plaintiff reasserts all allegations contained within the preceding Paragraphs of this Complaint and incorporate same by reference as if set forth verbatim herein.

53.     Defendant has represented to Plaintiff's consumers that Defendant, rather than Plaintiff, hold the rights to Plaintiff's Trademarks or, alternatively, that Plaintiff's Trademarks have been incorrectly granted by the USPTO.  An actual and justiciable controversy exists as to whether Plaintiff has full rights in Plaintiff's own Trademarks.  This lawsuit is preventative in nature and intended to ascertain the rights of parties when controversy has arisen prior to commission of any wrong.

54.     Plaintiff requests the Court to declare rights, status, and legal relations between the

parties with regard to Plaintiff's rights in Plaintiff's Trademarks.   Such a declaration will resolve the pending controversy and is appropriate in this instance.   Plaintiff thus seeks a declaratory judgment that: (a) Plaintiff has full rights in its own Trademarks; (b) Defendant's representations that Defendant, rather than Plaintiff, holds the right, or has superior rights, to Plaintiff's Trademarks is baseless, unfounded, and wholly untrue; (c) Defendant's conduct infringes upon Plaintiff's Trademarks in violation of the Lanham Act; (d) that said violations are causing Plaintiff to suffer immediate and unquantifiable harm, including confusion and dilution of Plaintiff's trademarks; and (e) that Defendant's actions were willful and intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

### E.      Count Five: Common Law Unfair Competition

55.    Plaintiff reasserts the allegations contained in the preceding Paragraphs of this Complaint by reference as if set forth fully herein and respectfully requests relief for Plaintiff's claim of unfair competition pursuant to the common laws of the State of Texas.

56.    Defendant's actions constitute unfair competition pursuant to Texas common law, the natural and probable consequence of which has been, and will continue to be, that the public is confused, misled, and deceived by the unlawful similarity of Defendant's "The New Faces of Pride Houston" business and related social events to Plaintiff's "Pride Houston" business, Trademarks, and Plaintiff's Pride Events, and that such persons who are seeking Plaintiff's services will be mistakenly led by that wrongful similarity to obtain or support Defendant's services.   This is especially true considering Defendant's unlawful actions of diverting Plaintiff's supporters, vendors, consumers, and donors to Defendant's articles, website, social media accounts, and false advertisements. *Exhibits 10 - 13, 15 - 17.*  Defendant's actions are

tortuous and unlawful and are designed to secure a commercial competitive advantage. Defendant's actions are contrary to honest and lawful practice in commercial matters.

57.      Defendant's adoption and use of Plaintiff's Trademarks and "Pride Houston" brand and trade name was and is an attempt to create the impression with the public that Defendant's activities, services, and sales are sponsored by or affiliated with Plaintiff.  Specifically, Defendant intended to create the impression that members of Plaintiff have created a new branch to expand certain versions of Plaintiff's Pride Events.  Defendant has engaged in acts of unfair competition by intentionally failing disclose to Plaintiff's supporters, vendors, consumers, and donors of the difference in the source of Defendant's "The New Faces of Pride Houston" business compared to Plaintiff's "Pride Houston" business through marketing, advertising, and by soliciting community support and business partnerships without sufficiently distinguishing Defendant from Plaintiff.

58.      Defendant has made multiple fraudulent and untrue statements and committed tortious acts in an attempt to interfere with Plaintiff's rightful commercialization of its "Pride Houston" brand, trade name, and associated Trademarks.  Defendant has contacted Plaintiff's consumers directly under the guise of being identical to Plaintiff's organization.  *Exhibit 16*.  Defendant's actions were made in an attempt to secure a competitive and commercial advantage over Plaintiff.  Such actions are tortious, wrongful, and illegal.  Defendant's actions are contrary to honest practice in commercial matters.  Defendant's acts have directly caused, and will continue to directly cause, harm to Plaintiff.

59.      Unless Defendant's willful and egregious conduct is enjoined, Plaintiff, as well as Plaintiff's goodwill and reputation, will suffer irreparable injury that cannot be adequately

calculated or compensated solely by money damages.  In fact, Defendant's unlawful and infringing conduct has already directly caused Plaintiff harm.  Accordingly, Plaintiff seeks preliminary and permanent injunctive relief, as well as the declaratory action described and respectfully requested herein.

## VI.
### APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION

60.     As previously discussed, Plaintiff is a nationally and locally-known entertainment service provider, focusing on hosting Plaintiff's Pride Events catering to the LGBTQ+ Community.  Plaintiff advertises its services and fundraises primarily on the internet. Defendant's board members served as board members for Plaintiff or otherwise assisted Plaintiff in organizing, marketing, and facilitating Plaintiff's Pride Events before joining Defendant's infringing "The New Faces of Pride Houston" business.

61.     Plaintiff became aware that Defendant had begun infringing upon Plaintiff's Trademarks through Defendant's press releases and social media posts showing Defendant was organizing, advertising, marketing, and soliciting donations for their infringing organization and competing social events, and that Defendant had been soliciting donations and accepting registrations from Plaintiff's supporters, vendors, and donors by falsely advertising Defendant's "The New Faces of Pride Houston" business as a branch of Plaintiff's "Pride Houston" business, brand, and/or trade name. *Exhibits 1, 9 - 13, 15 - 17.*  The most significant of these violations are Defendant's several instances of trademark infringement, which, if not cured, would cause confusion amongst consumers as to Plaintiff's ownership of its Trademarks, brand, and trade name and further serve to dilute Plaintiff's Trademarks, brand, and trade name.  In fact, Defendant has

already caused such confusion among the general public and Plaintiff's supporters, vendors, consumers, and donors, thereby negatively affecting Plaintiff's goodwill and good business reputation in direct violation of the Lanham Act.  *Exhibit 16*.

62.     If Defendant is allowed to continue operating in their current form, Plaintiff will waive many of the trademark laws enacted to protect Plaintiff's original works from competitors and infringers.   Not only does Plaintiff have no reason to believe that Defendant will stop its infringing activity, regardless of any potential civil liability for which Defendant may be found liable, Defendant has openly stated that it intends to continue to infringe.  *Exhibit 17* ("Cotton acknowledged receiving the cease-and-desist letter but denied that New Faces of Pride Houston is infringing on the trademarks of Pride Houston, calling them 'very vague trademarks.'").

63.     Defendant also acknowledges splitting off from Plaintiff's employ to specifically improperly utilize Plaintiff's brand, trade name, and resources.  *Exhibit 17* ("Cotton said he and fellow board member Jill Maxwell, a former board member for Pride Houston, led the launch of the new group because of turmoil associated with Pride Houston.").  This, in conjunction with Defendant deliberately changing its business name to include Plaintiff's "Pride Houston" brand and trade name, as well as Defendant's immediate use of social media tags identical to Plaintiff's Trademarks, demonstrate a coordinated plan executed by Defendant to unlawfully infringe and gain an unfair market advantage over Plaintiff.  *Exhibits 1, 9 - 13, 15 - 17*.  Plaintiff now files this Application for a Temporary Restraining Order to prevent such unlawful and infringing activity and conduct.

64.     Plaintiff requests this Court issue a Temporary Restraining Order preventing Defendant from marketing, advertising, fundraising, or soliciting donations, supports, and vendors in

relation to Defendant's infringing "The New Faces of Pride Houston" business.  Further, Plaintiff respectfully requests this Court issue a Temporary Restraining Order to prevent Defendant from advertising Defendant's infringing "The New Faces of Pride Houston" business, soliciting any more of Plaintiff's supporters' donations in relation to Defendant's infringing use of same or Defendant's competing social events, or using any of Plaintiff's Trademarks in any capacity whatsoever.

65.     Plaintiff further requests this Court issue a Temporary Restraining Order to enjoin Defendants from marketing or promoting any events, or accepting participant registrations for any events, that improperly publishes, displays, or in any way uses Plaintiff's Trademarks in the event name, social media tags, or other marketing, information, and/or other materials. *Exhibits 2 - 6*.

66.     Plaintiff further requests that this Court issue a Temporary Restraining Order to enjoin Defendants from claiming to be the "official Houston Pride" organization in any capacity.

67.     Plaintiff respectfully requests this Court grant this Temporary Restraining Order in order to protect Plaintiff's federally registered and long-held Trademarks until such time as an evidentiary hearing may be heard by the Court.

68.     Defendant's continued advertisement of its infringing "The New Faces of Pride Houston" business and use of Plaintiff's Trademarks, goodwill, good business reputation, brand, and trade name is causing Plaintiff irreparable harm.  Defendant's infringing "The New Faces of Pride Houston" business and name causes confusion of ownership with Plaintiff's Trademarks and enables Defendant to continue in their current infringing activities to dilute same.  *Exhibit 16*.  If allowed to continue its infringing activities, Defendant's actions will

destroy all of the trademark protection afforded Plaintiff under applicable law.  This harm is ongoing and imminent.  Plaintiff must be allowed to fiercely protect its intellectual property.

69.     The injury faced by Plaintiff is insurmountable.   The burden of shutting down Defendant's infringing activities is outweighed by the benefit of protecting Plaintiff's Trademarks.  There is no other adequate remedy at law.  Damages at this point cannot be calculated should Plaintiff suffer confusion and dilution of its Trademarks.   There is a substantial likelihood of success on the merits of this case.  A review of Plaintiff's "Pride Houston" business and Plaintiff's corresponding Trademarks, brand, and trade name, as well as Defendant's blatantly infringing "The New Faces of Pride Houston" business, trade name, and commercial activities, establishes trademark infringement. *Exhibits 1, 9 - 13, 15 - 17.*

70.     Granting the relief requested would not adversely affect public policy or public interest. *Davidoff & CIE v. PLD International Corp*., 263 F.3d 1297, 1304 (11th Cir. 2001) (stating that in trademark infringement suit, public interest was served when injunction prevented consumer confusion in the marketplace).

71.     This Court has authority to grant a temporary restraining order without notice to the adverse party if "specific facts shown by affidavit or by the verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and reasons why it should not be required."  FRCP 65(b)(1).

72.     In support of its Application, Plaintiff attaches the Declarations of Kendra Walker and Attorney Jamison B. Walters, the cease and desist letter previously delivered by Plaintiff's counsel to Defendant on October 11, 2023, and the Houston Public Media Article where Bryan

Cotton, a Director of Defendant, is reported as follows: "Cotton acknowledged receiving the cease-and-desist letter but denied that New Faces of Pride Houston is infringing on the trademarks of Pride Houston, calling them "very vague trademarks." *Exhibits 1, 16, 17 18, 19.*

73.     Defendant was provided ample notice that Plaintiff intended to file a lawsuit and would seek to enjoin Defendant from using Plaintiff's Trademarks, and completely failed and refused to respond to same, opting instead to respond through local public media of Defendant's intent to continue to unlawfully infringe upon Plaintiff's intellectual property rights. *Exhibits 17, 18, 19.*

74.     Defendant continues to solicit Plaintiff's consumers and donors on a daily basis, and intends to begin registering participants in most significant, and infringing, social event, the unlawfully named "Houston Pride Parade and Festival", starting on November 1, 2023. *Exhibit 13.*

75.     While Plaintiff believes that no bond is necessary, upon a finding by this Court that a bond is necessary, Plaintiff will post bond.  In the case the Court finds a bond should be posted, Plaintiff believes the bond should be set at a nominal amount given Defendant's egregious and clearly unlawful, infringing activities.

76.     Plaintiff further requests this Court to set its Application for a Temporary Injunction for a hearing.  After said hearing, Plaintiff requests this Court to issue an injunction against Defendant precluding them from marketing, advertising, soliciting donations, or offering for sale services related to Defendant's infringing "The New Faces of Pride Houston" business.

77.     Plaintiff further requests that this Court set its Application for a Permanent Injunction for a full evidentiary trial on the merits.  After said hearing, Plaintiff requests the Court issue a

Permanent Injunction against Defendant, precluding them from marketing, advertising, soliciting donations, or offering for sale services related to Defendant's infringing "The New Faces of Pride Houston" business.

78.    After a trial on the merits, Defendant will prove that Defendant's infringing "The New Faces of Pride Houston" business is confusingly similar to Plaintiff's "Pride Houston" brand and trade name, as well as Plaintiff's Trademarks and associated Plaintiff's Pride Events. Further, Defendant will also prove that Defendant has no rights or legitimate interests in respect of Plaintiff's Trademarks, brand, or trade name; and that Defendant's infringing activities have been committed in bad faith.  Once these elements are proven, Plaintiff requests this Court to enter an Order to permanently prevent Defendant from ever marketing, advertising, soliciting donations, or offering for sale services related to Defendant's infringing "The New Faces of Pride Houston" business.

## VII
### ATTORNEY'S FEES

79.    The allegations contained in the preceding Paragraphs of this Complaint are incorporated by reference herein as if set forth verbatim.

80.    The recovery of attorneys' fees for trademark infringement is authorized by the provisions of 15 U.S.C. § 1117 and the Texas Civil Practice and Remedies Code §§ 38.001, *et seq*.

81.    As a result of Defendant's unlawful actions, Plaintiff has been required to obtain legal counsel to bring this suit and is therefore entitled to reasonable attorneys' fees that may be awarded by this Court.

## VIII
### PRAYER

**WHEREFORE,** Plaintiff Pride Houston, Inc. prays for judgment against Defendant The New Faces of Pride Houston, Inc. as follows:

A. Plaintiff requests this Court to enter an Order granting an ex parte temporary restraining order, preliminary, and permanent injunctive relief to stop the ongoing infringement of Plaintiff's Trademarks, brand, and trade name;

B. A Court decree that Plaintiff is the exclusive owner of Plaintiff's "Pride Houston", "Houston Pride Parade", and "Houston Pride Festival" trademarks, as identified in the Complaint;

C. A Court decree that Defendant violated the Lanham Act, 15 U.S.C. § 1125(a), and that Defendant's infringing actions were intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.  Plaintiff requests this Court to grant it damages for its actual damages, as well as disgorgement of Defendant's profits from such infringement;

D. Plaintiff requests this Court to enter an Order granting preliminary and permanent injunctive relief to stop Defendant's ongoing unfair competition;

E. An Order enjoining Defendant from advertising, distributing, selling, or offering for sale Defendant's infringing "The New Faces of Pride Houston" products, services, or social events;

F. An award of damages and profits arising from Defendant's trademark dilution and unfair competition, such damages to be trebled in view of the willfulness of Defendant's acts in

infringing upon Plaintiff's trademark and willful and intentional selling of Defendant's infringing "The New Faces of Pride Houston" products, services, and social events;

G.  A Court decree that Defendant willfully intended to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's trademarks.  Plaintiff requests this Court to award it damages, as well as Defendant's profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a);

H.  A Court decree granting preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125 (c)(1) against Defendant;

I.  A court decree that Defendant violated the Texas Business and Commerce Code by means of unfair competition under the Texas common law by intentionally failing to inform Plaintiff's customers of the difference in the source of the services and by soliciting Plaintiff's customers, through nefarious and deceptive practices and acts, without distinguishing Defendant's services from those of Plaintiff.  Accordingly, Plaintiff requests this Court to award it monetary damages, as well as preliminary and permanent injunctive relief;

J.  A declaratory judgment that: (i) Plaintiff has full rights in Plaintiff's own Trademarks; (ii) Defendant's representations that Defendant, rather than Plaintiff, hold the right to Plaintiff's Trademarks is baseless, unfounded, and wholly untrue; (iii) Defendant's conduct infringes upon Plaintiff's Trademarks in violation of the Lanham Act; (iv) that said violations are causing Plaintiff to suffer immediate and unquantifiable harm, including confusion and dilution of Plaintiff's Trademarks; and (v) that Defendant's actions were willful and intended to cause confusion, have caused confusion, and will

continue to cause confusion unless enjoined;

K.  An award of all costs expended in this suit;

L.  An award of attorneys' fees and expenses incurred in connection with this civil action;

M.  Pre- and post-judgment interest; and,

N.  All such other and further relief, special or general, at law or in equity, to which Plaintiff may show itself to be justly entitled.


Respectfully Submitted,

KEARNEY, MCWILLIAMS & DAVIS, PLLC

*/s/Jamison B. Walters*
Jamison B. Walters
SBN: 24098573
SDTX FN: 3098621
jwalters@kmd.law
Bradley A. Nevills
SBN: 24083561
SDTX FN: 1852126
bnevills@kmd.law
Erik J. Osterrieder
SBN: 24013276
SDTX FN: 24165
eosterrieder@kmd.law
55 Waugh Drive, Ste. 150
Houston, Texas 77007
Tel: (888) 855-1270
Fax: (713) 936-9622
***Attorneys for Plaintiff Pride Houston, Inc.***