UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PRIDE HOUSTON, INC.,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. _____ |
| **THE NEW FACES OF PRIDE HOUSTON, INC.,** | § § § § | |
| *Defendant.* | § § | |

**Temporary Restraining Order**

After considering Plaintiff Pride Houston, Inc.'s ("Pride Houston") Application for Temporary Restraining Order, as well as the pleadings, the affidavits, and arguments of counsel, if any, the Court finds there is evidence that harm is imminent to Plaintiff and if the Court does not issue the temporary restraining order Plaintiff will be irreparably injured because Defendant, The New Faces of Pride Houston, Inc. ("Enjoined Party"), is likely to damage, infringe, improperly utilize, and cause irreparable injury to Plaintiff's unique federally-registered trademarks, brand, and trade name as further described in Plaintiff's Original Complaint (the "Trademarks"), the right to which is part of the subject matter of this litigation.

An *ex parte* order, without notice to the Enjoined Party, is necessary because there was not enough time to give notice to the Enjoined Party, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur, as there is evidence of a continuous and ongoing marketing campaign using the Trademarks that has caused, and will continue to cause, actual confusion in Plaintiff's consumers between Plaintiff and Defendant, irreparably harm

1

Plaintiff's reputation and goodwill, and irreparably harm Plaintiff's ability to obtain funding and donations for its business operations.  Specifically, the Enjoined Party has stated their intention to continue its infringing use of the Trademarks, and absent this Order, there is nothing to prevent the Enjoined Party from doing so upon notice of a hearing.

The Court further finds that there is a likelihood of success on the merits by Plaintiff, that irreparable harm will occur should this Order not be granted, and that the public interest and balance of harms support issuance of this Order.  It is therefore,

**ORDERED** that the Enjoined Party, and their parent companies, subsidiary companies, officers, agents, servants, warehousemen, employees, successors, and assigns, and attorneys, and all parties acting in concert therewith, who receive constructive notice of this Order are hereby **RESTRAINED AND ENJOINED** from:

  i. Marketing or promoting any events, or accepting participant registrations for any events, that improperly publishes, displays, or in any way uses Plaintiff's Trademarks in the event name, social media tags, or other marketing, information, and/or other materials;

 ii. Marketing, advertising, fundraising, or soliciting donations, supports, and vendors in relation to Defendant's infringing "The New Faces of Pride Houston" business;

iii. Advertising Defendant's infringing "The New Faces of Pride Houston" business, soliciting any more of Plaintiff's supporters' donations in relation to Defendant's infringing use of same or Defendant's competing social events;

 iv. Claiming to be the "Official Houston Pride" organization in any capacity; and/or

  v. Using any phrase, tradename, trademark, service mark, or business, corporate, or domain name that is confusingly similar to Plaintiff's Trademarks, including, but not

      limited to, Pride Houston, Houston Pride Festival, Houston Pride Parage, Houston LBGT Pride Celebration, and Pride Houston Celebration; and

vi. Operating or otherwise using any social media account, page, or domain with a name or title that is confusingly similarly to Plaintiff's Trademarks, including but not limited to Pride Houston, Houston Pride Festival, Houston Pride Parage, Houston LBGT Pride Celebration, and Pride Houston Celebration and any variations or similar spellings or appearances of same, wherein confusingly similar phrases, words, tradenames, trademarks, service marks, or domain names, including any variation or similar spelling or appearance of same, whether alone or in combination with other words, numbers, colors, logos, or designs that are confusingly similar to the Trademarks, and whether in lower or upper case or stylized format, without the express written consent of Pride Houston.

**ORDERED** that the Enjoined Party shall appear before this Court, at Room \_\_\_\_\_ of the U.S. District Court for the Southern District of Texas, Houston Division, located at 515 Rusk Street, Houston, Harris County, Texas on the _____ day of _____, 2023, at _____ \_\_.M., and then and there show cause, if any there be, why a temporary injunction should not be issued as requested by Plaintiff.

The Clerk of the Court is hereby directed to issue a show cause notice to the Enjoined Party to appear at the temporary injunction hearing.

The Clerk of the above-entitled Court shall forthwith, on the filing by Plaintiff of the bond of $_____, and on approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this Order.

This Order shall expire in its entirety on the _____ day of _____, 2023.

SIGNED the ____ day of _____, 2023, at _____ __.M.

                                                                                            _____
                                                                                            U.S. DISTRICT JUDGE

**Approved as to Form and Entry Requested by:**

*/s/Jamison B. Walters*
Jamison B. Walters
SBN: 24098573
SDTX FN: 3098621
jwalters@kmd.law
Bradley A. Nevills
SBN: 24083561
SDTX FN: 1852126
bnevills@kmd.law
Erik J. Osterrieder
SBN: 24013276
SDTX FN: 24165
eosterrieder@kmd.law
55 Waugh Drive, Ste. 150
Houston, Texas 77007
Tel: (888) 855-1270
Fax: (713) 936-9622
***Attorneys for Plaintiff Pride Houston, Inc.***