JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| PRIDE HOUSTON, INC. | THE NEW FACES OF PRIDE HOUSTON, INC. |

**(b)**  County of Residence of First Listed Plaintiff  Harris
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Harris
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Jamison B. Walters
SBN: 24098573
SDTX FN: 3098621

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government<br>Plaintiff | ☒ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government<br>Defendant | ☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>Liability<br>☐ 320 Assault, Libel &<br>Slander<br>☐ 330 Federal Employers'<br>Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>Product Liability<br>☐ 360 Other Personal<br>Injury<br>☐ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>Product Liability<br>☐ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>☐ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>Property Damage<br>☐ 385 Property Damage<br>Product Liability | ☐ 625 Drug Related Seizure<br>of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>New Drug Application<br>☒ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>Corrupt Organizations<br>☐ 480 Consumer Credit<br>(15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>Accommodations<br>☐ 445 Amer. w/Disabilities -<br>Employment<br>☐ 446 Amer. w/Disabilities -<br>Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>Conditions of<br>Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>Act<br>☐ 720 Labor/Management<br>Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>☐ 871 IRS—Third Party<br>26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>☐ 950 Constitutionality of<br>State Statutes |

## V.  ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|
| ☒ 1  Original<br>Proceeding | ☐ 2  Removed from<br>State Court | ☐ 3  Remanded from<br>Appellate Court | ☐ 4  Reinstated or<br>Reopened | ☐ 5  Transferred from<br>Another District<br>*(specify)* | ☐ 6  Multidistrict<br>Litigation -<br>Transfer | ☐ 8  Multidistrict<br>Litigation -<br>Direct File |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII.  RELATED CASE(S)
IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
Oct 25, 2023

SIGNATURE OF ATTORNEY OF RECORD
Jamison B. Walters

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PRIDE HOUSTON, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **THE NEW FACES OF PRIDE** | § | |
| **HOUSTON, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**Plaintiff's Original Complaint and Application for Temporary Restraining Order,
Temporary Injunction, Permanent Injunction, and Declaratory Action**

To the Honorable Judge of this Court:

COMES NOW, Pride Houston, Inc., Plaintiff in the above-styled and numbered cause ("Plaintiff"), and files this, its Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and Declaratory Action against The New Faces of Houston Pride, Inc. ("Defendant"), and in support of same would respectfully say and show this Honorable Court the following:

**I.
Nature of the Action**

1.      This is an action for violations of Sections 32 and 43 of the Lanham Act for false designation and origin, false descriptions and representations in interstate commerce, and dilution of trademark under Section 43 of the Lanham Act.  15 U.S.C. §§ 1114 and 1125.

2.      Plaintiff also brings causes of action for unfair competition, common law unfair competition, declaratory relief, and exemplary damages, as well as seeks recovery of attorneys'

fees and litigation costs in connection with same.

3.      Plaintiff further seeks the imposition of the temporary restraining order, temporary injunction, and permanent injunction respectfully requested herein, as well as performance of the declaratory action described further below.

## II.
### PARTIES

4.      Plaintiff Pride Houston, Inc., is a Texas non-profit corporation that does business within the State of Texas.  Plaintiff may be reached and served with process care of counsel, Jamison B. Walters, Kearney, McWilliams & Davis, PLLC, 55 Waugh Drive, Suite 150, Houston, Texas 77007.

5.      Defendant The New Faces of Pride Houston, Inc., is a Texas non-profit corporation which has engaged in the publication of its services so as to violate and infringe Plaintiff's federally registered Trademarks and unfairly compete with Plaintiff's services offered in relation to same.  Defendant may be reached and served with process through its registered agent, Lori Hood, 2900 N. Loop W., Suite 500, Houston, Texas 77092.

## III.
### JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this matter pursuant to the Trademark Act of 1946, 15 U.S.C. 1051, *et seq*., and 28 U.S.C. 1338(a) because this claim arises under an Act of Congress relating to trademarks and unfair competition.  Jurisdiction is also proper in this matter under 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

7.      Venue is proper pursuant to 28 U.S.C. §§1391(b) and (c) as all parties to this civil action are residents of, or transact business in, the Southern District of Texas.  Further, a substantial

part of the events giving rise to the claims involved in this lawsuit occurred in Houston, Texas, and the intellectual property at issue is located in, and owned by corporate entities headquartered within, Houston, Texas.

### IV.
### FACTUAL BACKGROUND

10.     Plaintiff is a nationally and locally known entertainment service provider.  Specifically, Plaintiff's services include the planning, marketing, and facilitation of social events such as festivals, parades, fashion shows, night-life events, and community engagement events (collectively, hereinafter "Plaintiff's Pride Events") specifically catered to individuals residing within and outside of Houston, Texas, who identify as lesbian, gay, bisexual, transgender, queer, intersex, asexual, and/or otherwise non-heterosexual and/or non-gender conforming (collectively, hereinafter the "LGBTQ+ Community"), as well as their social and civil allies. Plaintiff's federal trademarks, identified below, are registered under goods and services related to promoting public awareness of the need for diversity and equal rights in a community comprising LGBTQ-identifying people, as well as to commemorating and celebrating the history of the gay and lesbian communities.  *Exhibit 1 – Declaration of Kendra Walker; see also* Exhibits 2-6, referenced immediately below.

11.     Plaintiff is the owner of the following trademarks registered with the United States Patent and Trademark Office ("USPTO"), attached hereto as Exhibits 2-6 as identified below ("Trademarks"):

| Trademark | Registration Date | Registration No. | Exhibit No. |
|-----------|-------------------|------------------|-------------|
| Pride Houston | February 12, 2008 | 3380987 | 2 |

| | | | |
|---|---|---|---|
| Houston Pride Festival[1] | October 17, 2017 | 5313882 | 3 |
| Houston Pride Parade[2] | October 17, 2017 | 5313881 | 4 |
| Houston LBGT Pride Celebration | April 23, 2019 | 5732151 | 5 |
| Pride Houston Celebration | October 19, 2021 | 6530464 | 6 |

[1] – also subject to USPTO pending application serial number 98/164,242
[2] – also subject to USPTO pending application serial number 98/164,346

12.     Plaintiff has been in continuous operation since September 1991, first under the business name Pride Committee of Houston, Inc., and has operated as Pride Houston, Inc. since March 9, 2005.  *Exhibit 7 – Articles of Incorporation)and Amendment for Name Change*.  Over the past thirty-two (32) years, Plaintiff has become incredibly well-known among LGBTQ+ communities and their allies, both nationally and internationally.  Plaintiff's Pride Events have been exceptionally well-received by these communities and have gained significant recognition among the general public, comprising over seven hundred thousand (700,000) participants each year between its various Houston events. *Exhibit 1*.

13.     Several of Plaintiff's trademarks have achieved § 2(f) designation by having acquired such distinctiveness that consumers directly associate said Trademarks with Plaintiff, and two (2) of said Trademarks are currently pending § 2(f) acceptance.  Exhibits 2 - 6; *see* 37 C.F.R. §2.41; TMEP §§1202.03(d), 1212.06 *et seq*.

14.     Plaintiff's popularity and success result from Plaintiff's proven ability to deliver quality Plaintiff's Pride Events through continued development and marketing of Plaintiff's well-established and federally-protected brand.  Plaintiff enjoys tremendous success, widespread visibility, and goodwill throughout the United States including the popularity and widespread

recognition of Plaintiff's trade name by various media outlets and the numerous positive endorsements of Plaintiff's Pride Events. *Exhibit 1.* Through Plaintiff's Pride Events and other points of exposure, the public has come to recognize and to trust Plaintiff's brand and trade name. *Exhibits 1; 7.*

15.     The relationships between Plaintiff and the members of Defendant's current executive board began several years before the initiation of this lawsuit. *Exhibit 1.* During this time, several of Defendant's board members served as board members for Plaintiff or otherwise assisted Plaintiff in organizing, marketing, and facilitating Plaintiff's Pride Events. *Exhibit 1.* Plaintiff's Pride Events, namely, for example, its "Houston Pride Parade" and "Houston Pride Festival," have been incredibly successful and highly anticipated throughout LGBTQ communities locally and nationally. During Kendra Walker's tenure with Plaintiff, however, Defendant's Directors and employees, Dustin Scheffield, Monte Bacchus, Donald James, Jill Maxwell, and Andrew Simonton, became dissatisfied with Plaintiff's management, which led to internal disputes and complaints against Plaintiff's current and former leadership. Defendant's board members subsequently left Plaintiff's employ and created a new organization named "The New Faces of Pride." *Exhibit 8 – Certificate of Formation of The New Faces of Pride.* While Plaintiff interpreted Defendant's original business name as an intended slight towards Plaintiff's management, Plaintiff did not immediately view said name as legally problematic.

16.     However, soon after its initial formation, Defendant changed its business name to "The New Faces of Pride Houston," which immediately infringed Plaintiff's brand and trade name of "Pride Houston." *Exhibit 9 – Certificate of Amendment for New Faces of Pride Houston.* Defendant's name change also immediately indicated to Plaintiff that Defendant had committed

the name change with the clear intent to cause confusion, or imply association, with Plaintiff's "Pride Houston" brand and trade name. *Exhibits 8, 9.* Defendant's publication of its name in relation to Plaintiff's Pride Events for the LGBTQ+ Community also blatantly infringes upon Plaintiff's Trademarks.

17.     Defendant's business name is unregistered with the United States Patent and Trademark Office ("USPTO") as of the date of this complaint. However, Defendant's business name is featured on Defendant's related Facebook and Instagram pages and posts, and in at least three (3) Houston news publications, including OutSmart Magazine and the Houston Business Journal, which are also featured within Defendant's social media accounts. *Exhibit 10 – Pride Houston Infringement Specimens; Exhibit 11 - Outsmart Magazine Article: "Will Houston Have Two Pride Celebrations" dated October 19, 2023 (the "Outsmart Article"); Exhibit 12 – Houston Business Journal Article: "Exclusive: Houston's newest LGBTIA+ nonprofit aims to celebrate Pride year-round" dated October 4, 2023 (the "HBJ Article").*

18.     With the Houston Business Journal article announcing the existence and purpose of Defendant's intended business operations, Defendant began publicizing its intention to host a competing parade and festival for Pride Month in Houston under its infringing business name. *Exhibits 10, 11, 12.* Soon after, Defendant began marketing its own version of social events as the "Houston Pride Parade and Festival" which clearly infringes upon Plaintiff's Pride Events and related Trademarks. *Exhibit 13 – Houston Pride Parade and Houston Pride Festival Infringement Examples; Exhibits 2, 3, 4.*

19.     Plaintiff has invested, and continues to invest, significant time, effort, and sums to build and maintain the quality and the image of its brand and trade name. The success of Plaintiff's

brand and trade name is demonstrated by the dramatic and consistent increase in sales of Plaintiff's affiliated Pride Events, such as the "Houston Pride Parade" and "Houston Pride Festival."  By unlawfully copying and trading on Plaintiff's brand and trade name, for its own competing social events, Defendant has both violated the federally protected intellectual property rights of Plaintiff and disrupted Plaintiff's consumer base and business relationships. Defendant's actions amount to nothing more than an impermissible attempt to fraudulently associate itself with Plaintiff's brand, trade name, and Trademarks in order to unfairly compete with Plaintiff and abscond with the public recognition and business relationships that Plaintiff has arduously earned over its many years of continued success. *Exhibit 1.*

20.     Defendant continues to demonstrate its intent to misappropriate Plaintiff's Trademarks and goodwill by promoting its own competing social events intended to hijack and diminish Plaintiff's Pride Events.  For example, Defendant has scheduled its own "Houston Pride Parade and Festival" to occur one (1) week *before* Plaintiff's "Houston Pride Parade" in order to unlawfully undercut the impact and attendance generated through same—even going so far as to exactly replicate the parade route itself.   *Exhibit 11; Exhibit 14 – Houston Pride Parade Map and Event Date; Exhibit 15 – New Faces of Pride Houston Pride Parade and Festival, Date and Parade Map*.   Given the distinctive Trademarks maintained by Plaintiff and the significant Plaintiff's Pride Events associated with same, Defendant's actions blatantly infringe upon Plaintiff's intellectual property rights.

21.     Defendant is further engaged in several other infringing activities, including publication of Defendant's infringing, competing social events with the likeness and function of Plaintiff's Pride Events under a confusingly similar name. *Exhibits 10, 13, 15.*  In fact, Plaintiff

has been inundated with a series of communications from vendors, donors, and consumers seeking to clarify their actual confusion about the potential connection or relationship between Plaintiff and Defendant. *Exhibit 16 – Confusion Communications Due to Infringement*. Despite there being absolutely no such connection or relationship between Plaintiff and Defendant, the continuous infringing actions of Defendant has caused these parties to incorrectly believe there is a rebranding or an affiliation between the two. *Exhibit 16*.

22.    More specifically, but without limitation, Plaintiff's customers, as well as several other third parties, have contacted Plaintiff concerning Defendant's publication and marketing efforts of Defendant's infringing social events because of the confusing similarity in the likeness and trade names used by Defendant with same, as well as the closeness in time between Defendant's infringing pride parade and Plaintiff's Houston Pride Parade. *Exhibits 13, 14, 15; Exhibit 17 – Houston Public Media Article: Houston's feuding Pride organizations planning two separate events for June 2024* .

23.    Defendant is keenly aware that its unauthorized use of Plaintiff's brand, trade name, and Trademarks would result in an unfair benefit to Defendant, who willfully and intentionally selected a confusingly similar business name, event names, and social media tags to promote Defendant's services and events. *Exhibit 10*. Defendant is engaged in infringing activities, including organizing and marketing events and services under a brand name that bears the likeness and image of Plaintiff's organization and trade name. *Id.* Defendant has gone so far as to refer to itself as "Official Houston Pride" on its social media accounts, such as Instagram, despite having only been formed less than four (4) months prior to this filing, in order to appear as the rebranded version of, or otherwise affiliated with, Plaintiff's historic and successful brand

when it is not.  *Exhibits 8, 10, 13*.

24.     Defendant's conduct stands in violation of applicable federal laws as it has caused actual confusion, is likely to continue to do so, and is unlawfully intended to confuse, cause mistake, or deceive consumers as to the source, affiliation, sponsorship, license, and origin of the events planned, organized, marketed, and facilitated by Defendant. *Exhibits 9, 10, 11, 13, 17.*

25.     Defendant's actions nullify Plaintiff's right to the exclusive use of its Trademarks free from infringement.  Defendant's activities have had and will continue to have a substantial, adverse effect on Plaintiff's existing and projected future business and the marketing of products and services identified by Plaintiff's registered Trademarks, as well as the goodwill of Plaintiff's business inherently associated with the use of, and symbolized by, Plaintiff's protected "Pride Houston" brands, including those of its staple "Houston Pride Parade" and "Houston Pride Festival."  Finally, and upon information and belief, Defendant is marketing their organization with the name "The New Faces of Pride Houston" with the specific design to siphon off brand recognition from Plaintiff.

26.     Plaintiff attempted to resolve the claims raised in this civil action without the need for judicial involvement by delivering written demand that Defendant immediately cease the infringing activity and conduct described herein.  Rather than open a meaningful dialogue intended to achieve an amicable resolution, Defendant has rebuffed Plaintiff's communication attempts and instead taken to local news media to lambast same in furtherance of Defendant's obvious desire to disparage and defame Plaintiff's successful "Pride Houston" brand and trade name, Plaintiff's Trademarks, and Plaintiff's Pride Events. *Exhibits 11, 12, 16; Exhibit 18 – Declaration of Erik J. Osterrieder; Exhibit 19 – October 11, 2023 Cease and Desist Letter;*

*Exhibit 20 – October 12, 2023 email exchange between E. Osterrieder and Lori Hood, legal counsel for Defendant.*

27.     In order to enforce and protect Plaintiff's legal rights and the federal protection provided for Plaintiff's registered intellectual property, Plaintiff had no choice but to bring the instant civil action and request for injunctive and declaratory relief in an attempt to completely discontinue the unlawful activity of Defendant.

**V.**

**CAUSES OF ACTION**

**A.     Count One: Trademark Infringement**

28.     Plaintiff reasserts the allegations contained in Paragraphs 1 through 27 of this Complaint by reference as if set forth verbatim herein and requests relief from this Court for Plaintiff's trademark infringement causes of action of each trademark listed in Paragraph 11.

29.     Plaintiff's claims arise from Sections 32 and 43 of the Lanham Act for infringement of registered and unregistered trademarks.  15 U.S.C. §§1114 and 1125.

30.     Defendant has intentionally and knowingly copied and/or used confusingly similar marks as compared to at least Plaintiff's distinctive "Pride Houston" trademark, "Houston Pride Parade" trademark, and "Houston Pride Festival" trademarks through the purchase and dissemination of certain internet advertisements for Defendant's business name, "The New Faces of Pride Houston," and competing social events advertised by Defendant in association with same.  Defendant's wrongful advertisements are both insidious and unlawful in that they are automatically displayed upon Plaintiff's internet consumers searching for the keywords contained in Plaintiff's Trademarks.  Said intentional and wrongful conduct occurred in the

course of Defendant's commercial and advertising activities.  Furthermore, Defendant's junior and unregistered marks are confusingly similar to Plaintiff's senior and registered trademarks in sight, sound, connotation, commercial impression, services, trade channels, and targeted consumers.

31.     Specifically, Defendant has implemented this unlawful advertising campaign by using certain advertising words and social media tags, namely, Plaintiff's "Pride Houston" business name and Plaintiff's "Houston Pride Parade" and "Houston Pride Festival" trademarks, and this has caused Plaintiff's consumers, who were already acutely aware of Plaintiff's now-active "Houston Pride Parade" event registration, to be confused about the source and affiliation of Plaintiff's Pride Events and Defendant's infringing social events.  Thus, any consumer searching for Plaintiff's "Pride Houston' business name or event registration is likely to be wrongfully directed to Defendant's advertisement for Defendant's "The New Faces of Pride Houston" business name and related social events.

32.     Further, through this unlawful misdirection, Defendant has effectively advertised and represented to Plaintiff's consumers that Defendant is Plaintiff's successor organization despite there being no connection or relationship between them.  Similarly, at all times during Defendant's wrongful implementation of this unlawful advertisement and infringement scheme, Plaintiff's "Pride Houston" trademark was not in any way related or associated with Defendant's infringing business name or events, nor was Plaintiff's business name or Trademarks authorized or licensed to Defendant in any capacity whatsoever.

33.     Given the significant and obvious similarities Defendant stole from Plaintiff's Trademarks and incorporated into Defendant's marketing for "The New Faces of Pride

Houston," Plaintiff contends Defendant intended for Defendant's business name and marketed Pride Events to be "passed off" as Plaintiff and Plaintiff's Pride Events, respectively. *Exhibits 10, 11, 12, 13, 15, 16, 17*. The unauthorized use of Plaintiff's Trademarks falsely indicated to consumers that Defendant's business and related community events originated from, was approved, sponsored or licensed by, or affiliated with Plaintiff and/or Plaintiff's business and Trademarks when it is not.

34.     Plaintiff has not licensed the use of its Trademarks to Defendant. Plaintiff's "Houston Pride Parade" and "Houston Pride Festival" registrations are hosted and marketed primarily online largely through the use of various social media platforms and electronic mail. *Exhibit 1*. Defendant's infringing marketing, promotion, and event-registration hosting activities are likewise implemented over the internet and further marketed through various social media platforms and electronic mail. *Exhibits 10, 11, 12*. Defendant's "The New Faces of Pride Houston" business name and related social events are thus presented to consumers through the same or similar channels in which Plaintiff's legitimate services are marketed and sold.

35.     Still further, without permission, license, or other authority of sponsorship, authority, or endorsement from Plaintiff, Defendant infringed upon Plaintiff's Trademarks in order to undertake Defendant's wrongful advertising campaign and also facilitate fundraising from Plaintiff's sponsors and donors under false pretenses. Through Defendant's infringement, and knowledge gained from prior employment and/or association with Plaintiff, Defendant is unlawfully attempting to finance its competing social events through funds gained through illicit and unauthorized affiliated with Plaintiff. Defendant has organized its infringing and confusingly similar named social events in violation of Plaintiff's Trademarks within this

district and throughout the United States.

36.     Prior to the several unlawful and infringing acts complained of herein:

(i)      Plaintiff marketed Plaintiff's "Pride Houston" brand and trade name with Plaintiff's Trademarks for at least the past sixteen (16) years;

(ii)     Plaintiff expended, and continues to expend, large sums of money to build, maintain, extend, and protect Plaintiff's reputation, especially with regard to Plaintiff's "Pride Houston" business name, Trademarks, and Plaintiff's Pride Events;

(iii)    Plaintiff engaged, and continues to engage, in intrastate and interstate activities designed to promote Plaintiff's "Pride Houston" brand and trade name, the goodwill associated with same, as well as Plaintiff's Trademarks, and Plaintiff's Pride Events;

(iv)    Plaintiff engaged, and continues to engage, in interstate activities designed to promote the business and goodwill identified by Plaintiff's "Pride Houston" business name and Plaintiff's Trademarks in interstate commerce, and to expand the use and reputation of Plaintiff's business, Trademarks, and property throughout the United States;

(v)     Plaintiff's registered Trademarks have been, and continue to be, known in numerous states as marks identifying and distinguishing Plaintiff's "Pride Houston" business name and Plaintiff's Pride Events. Three (3) of five (5) of Plaintiff's Trademarks have achieved § 2(f) designation by having acquired such distinctiveness that they consumers directly associate said Trademarks direction

with Plaintiff, and two (2) of the Trademarks are currently pending § 2(f) acceptance. *Exhibits 2 - 6*; *see* 37 C.F.R. §2.41; TMEP §§1202.03(d), 1212.06 *et seq*;

(vi)    Plaintiff's Trademarks are distinctive, and have been, and continue to be, known throughout the United States as identifying and distinguishing the business of Plaintiff;

37.    Defendant's conduct is likely to cause confusion, cause mistake, or deceive consumers as to the source and origin of "The New Faces of Pride Houston" marketed, advertised, and organized by Defendant.   Such confusion, mistake, or deception occurred in the course of Defendant's commercial and advertising activities.   In fact, and as examples of likelihood of confusion, Defendant's activities have caused *actual* confusion with consumers as to the source and origin of such products. *Exhibit 16.* More specifically, but without limitation, Plaintiff's customers, as well as various third parties, have mistakenly contacted Plaintiff concerning Defendant's infringing "The New Faces of Pride Houston" business name and related social events because of the nearly identical likenesses between Plaintiff, its Trademarks, and Plaintiff's Pride Events.  *Id.*  This actual confusion is bolstered through Defendant's wrongfully infringing advertising scheme regarding Defendant's trade name and related social events, as well as the Defendant's deliberate passing off of same as those of Plaintiff.  *Exhibit 16.* Defendant's acts operate to nullify Plaintiff's lawful right to the exclusive use of Plaintiff's Trademarks free from infringement.

38.    Defendant's activities have had, and will continue to have, a substantial, adverse effect on Plaintiff's existing and projected future interstate business of marketing products and

services identified by Plaintiff's Trademarks, as well as the goodwill of Plaintiff's business generated through the use of, and symbolized by, Plaintiff's "Pride Houston" brand and trade name and Plaintiff's Trademarks.

39.     Defendant's activities and conduct constitute infringement of Plaintiff's registered and common law trademarks in violation of Sections 32 and 43 of the Lanham Act.  15 U.S.C. §§ 1114 and 1125.

40.     Plaintiff has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby and unless Defendant's conduct is enjoined, Plaintiff's goodwill and reputation will continue to suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages.   Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

41.     Because Defendant has been demanded in writing to immediately cease all infringing activity and conduct prior to the initiation of this civil action, thereby providing Defendant with notice of same.  Defendant has not complied with such lawful demand without justification or excuse.  Thus, Defendant has intentionally and knowingly used Plaintiff's Trademarks and, accordingly, Plaintiff is entitled to a judgment of three (3) times its damages or Defendant's profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and (b).

   **B.     Count Two: Trademark Dilution**

42.     Plaintiff reasserts the allegations contained in the preceding Paragraphs of this Complaint by reference as if set forth verbatim herein and requests relief from the Court for Trademark Dilution under Section 43(c) of the Lanham Act.  15. U.S.C. §1125(c).

43.     As a result of Plaintiff's continuous promotion of Plaintiff's "Pride Houston" brand and

trade name, and Plaintiff's associated intellectual property, at least three of Plaintiff's Trademarks have achieved recognition as a distinctive § 2(f)-designated trademarks. *Exhibits 2 - 6*; *see* 37 C.F.R. §2.41; TMEP §§1202.03(d), 1212.06 et seq.

44.     Defendant's use in commerce of the deliberately misleading "The New Faces of Pride Houston" business name, including marketing Defendant's competing social evens, began after Plaintiff's had spent *decades* investing and strengthening Plaintiff's Trademarks and Plaintiff's "Pride Houston" brand and trade name.  Defendant's deceptive use of "The New Faces of Pride Houston" in both its marketing and organization has caused dilution of the distinctive quality of Plaintiff's Trademarks as such conduct constitutes wrongful commercial and advertising activities.  Such conduct has caused injury to Plaintiff pursuant to 15 U.S.C. § 1125(c).

45.     Defendant willfully intended to trade on Plaintiff's reputation and goodwill and/or to cause dilution of Plaintiff's Trademarks.   Accordingly, Plaintiff is entitled to recover its damages, as well as Defendant's profits received as a result of the infringement pursuant to 15 U.S.C. § 1117(a).

46.     Unless Defendant's conduct is enjoined, Plaintiff, including Plaintiff's goodwill and reputation and the significant value of Plaintiff's Trademarks, will suffer irreparable injury that cannot be adequately calculated or compensated solely by money damages.   Accordingly, Plaintiff seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c)(1) against Defendant.

### C.     Count Three: Unfair Competition

47.     Plaintiff reasserts the allegations contained in the preceding Paragraphs of this Complaint by reference as if set forth verbatim herein and requests relief from this Court for

Plaintiff's trademark infringement cause of action pursuant to 15 U.S.C.§1125(a).  Defendant's actions constitute unfair competition in violation of the Lanham Act.  15 U.S.C. §1125(a).

48.     Plaintiff is the owner of "Pride Houston," "Houston Pride Parade," and "Houston Pride Festival," all federally registered trademarks associated with Plaintiff's "Pride Houston" brand and trade name, as well as Plaintiff's Pride Events, that Defendant has infringed upon, continues to infringe upon, and expressed the intent to continue such unlawful infringement indefinitely. Plaintiff's Trademarks are distinctive.  Plaintiff's "Pride Houston" brand and trade name and associated Trademarks gained substantial secondary meaning in commerce amongst Plaintiff's consumers and the general public.

49.     Through its own advertising and internet fundraising, and event names, Defendant is infringing upon Plaintiff's federally registered Trademarks in commerce without the authorization of Plaintiff in a way that has caused consumer confusion as to Defendant's association or affiliation with Plaintiff's "Pride Houston" business.  This is especially true given the history between several of Defendant's officers, executives, and/or directors and Plaintiff. *Exhibit 1*.  Defendant, through Defendant's prior engagement with Plaintiff, had uninhibited access to Plaintiff's business affairs and Plaintiff's consumers.  Capitalizing on that access and familiarity, Defendant created an organization that wrongfully advertises to Plaintiff's consumers while diverting business away from, and discrediting, Plaintiff's "Pride Houston" brand, trade name, and related Trademarks.  These actions constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Such actions were intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.  Defendant's actions and use of Plaintiff's

Trademarks, or confusingly similar imitations thereof, suggest sponsorship, approval and/or endorsement from Plaintiff which is wholly absent and must be enjoined.  For each act of unfair competition, Plaintiff is entitled to recover its actual damages as well as Defendant's profits from such infringement.  Defendant's acts have directly caused, and will continue to directly cause, harm to Plaintiff.

51.     Monetary relief alone is not adequate to fully address the irreparable injury that Defendant's illegal actions have caused and will continue to cause Plaintiff if Defendant is not enjoined from same.  Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to terminate and further prevent Defendant's ongoing unfair competition.

### D.      Count Four: Request for Declaratory Relief

52.     Plaintiff seeks a declaratory judgment recognizing that Plaintiff has full rights in and to Plaintiff's Trademarks pursuant to Tex. Civ. Prac. & Rem. Code §§ 37.001, *et seq*.; Fed. R. Civ. P. 57; and 28 U.S.C. §§ 2201, 2202.  Pursuant to said request, Plaintiff reasserts all allegations contained within the preceding Paragraphs of this Complaint and incorporate same by reference as if set forth verbatim herein.

53.     Defendant has represented to Plaintiff's consumers that Defendant, rather than Plaintiff, hold the rights to Plaintiff's Trademarks or, alternatively, that Plaintiff's Trademarks have been incorrectly granted by the USPTO.  An actual and justiciable controversy exists as to whether Plaintiff has full rights in Plaintiff's own Trademarks.  This lawsuit is preventative in nature and intended to ascertain the rights of parties when controversy has arisen prior to commission of any wrong.

54.     Plaintiff requests the Court to declare rights, status, and legal relations between the

parties with regard to Plaintiff's rights in Plaintiff's Trademarks. Such a declaration will resolve the pending controversy and is appropriate in this instance. Plaintiff thus seeks a declaratory judgment that: (a) Plaintiff has full rights in its own Trademarks; (b) Defendant's representations that Defendant, rather than Plaintiff, holds the right, or has superior rights, to Plaintiff's Trademarks is baseless, unfounded, and wholly untrue; (c) Defendant's conduct infringes upon Plaintiff's Trademarks in violation of the Lanham Act; (d) that said violations are causing Plaintiff to suffer immediate and unquantifiable harm, including confusion and dilution of Plaintiff's trademarks; and (e) that Defendant's actions were willful and intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

### E.      Count Five: Common Law Unfair Competition

55.     Plaintiff reasserts the allegations contained in the preceding Paragraphs of this Complaint by reference as if set forth fully herein and respectfully requests relief for Plaintiff's claim of unfair competition pursuant to the common laws of the State of Texas.

56.     Defendant's actions constitute unfair competition pursuant to Texas common law, the natural and probable consequence of which has been, and will continue to be, that the public is confused, misled, and deceived by the unlawful similarity of Defendant's "The New Faces of Pride Houston" business and related social events to Plaintiff's "Pride Houston" business, Trademarks, and Plaintiff's Pride Events, and that such persons who are seeking Plaintiff's services will be mistakenly led by that wrongful similarity to obtain or support Defendant's services.  This is especially true considering Defendant's unlawful actions of diverting Plaintiff's supporters, vendors, consumers, and donors to Defendant's articles, website, social media accounts, and false advertisements. *Exhibits 10 - 13, 15 - 17.*  Defendant's actions are

tortuous and unlawful and are designed to secure a commercial competitive advantage. Defendant's actions are contrary to honest and lawful practice in commercial matters.

57.     Defendant's adoption and use of Plaintiff's Trademarks and "Pride Houston" brand and trade name was and is an attempt to create the impression with the public that Defendant's activities, services, and sales are sponsored by or affiliated with Plaintiff.  Specifically, Defendant intended to create the impression that members of Plaintiff have created a new branch to expand certain versions of Plaintiff's Pride Events.  Defendant has engaged in acts of unfair competition by intentionally failing disclose to Plaintiff's supporters, vendors, consumers, and donors of the difference in the source of Defendant's "The New Faces of Pride Houston" business compared to Plaintiff's "Pride Houston" business through marketing, advertising, and by soliciting community support and business partnerships without sufficiently distinguishing Defendant from Plaintiff.

58.     Defendant has made multiple fraudulent and untrue statements and committed tortious acts in an attempt to interfere with Plaintiff's rightful commercialization of its "Pride Houston" brand, trade name, and associated Trademarks.  Defendant has contacted Plaintiff's consumers directly under the guise of being identical to Plaintiff's organization.  *Exhibit 16*.  Defendant's actions were made in an attempt to secure a competitive and commercial advantage over Plaintiff.  Such actions are tortious, wrongful, and illegal.  Defendant's actions are contrary to honest practice in commercial matters.  Defendant's acts have directly caused, and will continue to directly cause, harm to Plaintiff.

59.     Unless Defendant's willful and egregious conduct is enjoined, Plaintiff, as well as Plaintiff's goodwill and reputation, will suffer irreparable injury that cannot be adequately

calculated or compensated solely by money damages.   In fact, Defendant's unlawful and infringing conduct has already directly caused Plaintiff harm.   Accordingly, Plaintiff seeks preliminary and permanent injunctive relief, as well as the declaratory action described and respectfully requested herein.

## VI.
### APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION

60.    As previously discussed, Plaintiff is a nationally and locally-known entertainment service provider, focusing on hosting Plaintiff's Pride Events catering to the LGBTQ+ Community.    Plaintiff advertises its services and fundraises primarily on the internet. Defendant's board members served as board members for Plaintiff or otherwise assisted Plaintiff in organizing, marketing, and facilitating Plaintiff's Pride Events before joining Defendant's infringing "The New Faces of Pride Houston" business.

61.    Plaintiff became aware that Defendant had begun infringing upon Plaintiff's Trademarks through Defendant's press releases and social media posts showing Defendant was organizing, advertising, marketing, and soliciting donations for their infringing organization and competing social events, and that Defendant had been soliciting donations and accepting registrations from Plaintiff's supporters, vendors, and donors by falsely advertising Defendant's "The New Faces of Pride Houston" business as a branch of Plaintiff's "Pride Houston" business, brand, and/or trade name. *Exhibits 1, 9 - 13, 15 - 17.*  The most significant of these violations are Defendant's several instances of trademark infringement, which, if not cured, would cause confusion amongst consumers as to Plaintiff's ownership of its Trademarks, brand, and trade name and further serve to dilute Plaintiff's Trademarks, brand, and trade name.   In fact, Defendant has

already caused such confusion among the general public and Plaintiff's supporters, vendors, consumers, and donors, thereby negatively affecting Plaintiff's goodwill and good business reputation in direct violation of the Lanham Act. *Exhibit 16.*

62.    If Defendant is allowed to continue operating in their current form, Plaintiff will waive many of the trademark laws enacted to protect Plaintiff's original works from competitors and infringers.   Not only does Plaintiff have no reason to believe that Defendant will stop its infringing activity, regardless of any potential civil liability for which Defendant may be found liable, Defendant has openly stated that it intends to continue to infringe. *Exhibit 17* ("Cotton acknowledged receiving the cease-and-desist letter but denied that New Faces of Pride Houston is infringing on the trademarks of Pride Houston, calling them 'very vague trademarks.'").

63.    Defendant also acknowledges splitting off from Plaintiff's employ to specifically improperly utilize Plaintiff's brand, trade name, and resources. *Exhibit 17* ("Cotton said he and fellow board member Jill Maxwell, a former board member for Pride Houston, led the launch of the new group because of turmoil associated with Pride Houston."). This, in conjunction with Defendant deliberately changing its business name to include Plaintiff's "Pride Houston" brand and trade name, as well as Defendant's immediate use of social media tags identical to Plaintiff's Trademarks, demonstrate a coordinated plan executed by Defendant to unlawfully infringe and gain an unfair market advantage over Plaintiff. *Exhibits 1, 9 - 13, 15 - 17.* Plaintiff now files this Application for a Temporary Restraining Order to prevent such unlawful and infringing activity and conduct.

64.    Plaintiff requests this Court issue a Temporary Restraining Order preventing Defendant from marketing, advertising, fundraising, or soliciting donations, supports, and vendors in

relation to Defendant's infringing "The New Faces of Pride Houston" business.  Further, Plaintiff respectfully requests this Court issue a Temporary Restraining Order to prevent Defendant from advertising Defendant's infringing "The New Faces of Pride Houston" business, soliciting any more of Plaintiff's supporters' donations in relation to Defendant's infringing use of same or Defendant's competing social events, or using any of Plaintiff's Trademarks in any capacity whatsoever.

65.     Plaintiff further requests this Court issue a Temporary Restraining Order to enjoin Defendants from marketing or promoting any events, or accepting participant registrations for any events, that improperly publishes, displays, or in any way uses Plaintiff's Trademarks in the event name, social media tags, or other marketing, information, and/or other materials. *Exhibits 2 - 6*.

66.     Plaintiff further requests that this Court issue a Temporary Restraining Order to enjoin Defendants from claiming to be the "official Houston Pride" organization in any capacity.

67.     Plaintiff respectfully requests this Court grant this Temporary Restraining Order in order to protect Plaintiff's federally registered and long-held Trademarks until such time as an evidentiary hearing may be heard by the Court.

68.     Defendant's continued advertisement of its infringing "The New Faces of Pride Houston" business and use of Plaintiff's Trademarks, goodwill, good business reputation, brand, and trade name is causing Plaintiff irreparable harm.  Defendant's infringing "The New Faces of Pride Houston" business and name causes confusion of ownership with Plaintiff's Trademarks and enables Defendant to continue in their current infringing activities to dilute same.  *Exhibit 16*.  If allowed to continue its infringing activities, Defendant's actions will

destroy all of the trademark protection afforded Plaintiff under applicable law.  This harm is ongoing and imminent.  Plaintiff must be allowed to fiercely protect its intellectual property.

69.    The injury faced by Plaintiff is insurmountable.   The burden of shutting down Defendant's infringing activities is outweighed by the benefit of protecting Plaintiff's Trademarks.   There is no other adequate remedy at law.   Damages at this point cannot be calculated should Plaintiff suffer confusion and dilution of its Trademarks.   There is a substantial likelihood of success on the merits of this case.   A review of Plaintiff's "Pride Houston" business and Plaintiff's corresponding Trademarks, brand, and trade name, as well as Defendant's blatantly infringing "The New Faces of Pride Houston" business, trade name, and commercial activities, establishes trademark infringement.  *Exhibits 1, 9 - 13, 15 - 17.*

70.    Granting the relief requested would not adversely affect public policy or public interest. *Davidoff & CIE v. PLD International Corp*., 263 F.3d 1297, 1304 (11th Cir. 2001) (stating that in trademark infringement suit, public interest was served when injunction prevented consumer confusion in the marketplace).

71.    This Court has authority to grant a temporary restraining order without notice to the adverse party if "specific facts shown by affidavit or by the verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and reasons why it should not be required."  FRCP 65(b)(1).

72.    In support of its Application, Plaintiff attaches the Declarations of Kendra Walker and Attorney Jamison B. Walters, the cease and desist letter previously delivered by Plaintiff's counsel to Defendant on October 11, 2023, and the Houston Public Media Article where Bryan

Cotton, a Director of Defendant, is reported as follows: "Cotton acknowledged receiving the cease-and-desist letter but denied that New Faces of Pride Houston is infringing on the trademarks of Pride Houston, calling them "very vague trademarks." *Exhibits 1, 16, 17 18, 19.*

73.     Defendant was provided ample notice that Plaintiff intended to file a lawsuit and would seek to enjoin Defendant from using Plaintiff's Trademarks, and completely failed and refused to respond to same, opting instead to respond through local public media of Defendant's intent to continue to unlawfully infringe upon Plaintiff's intellectual property rights. *Exhibits 17, 18, 19.*

74.     Defendant continues to solicit Plaintiff's consumers and donors on a daily basis, and intends to begin registering participants in most significant, and infringing, social event, the unlawfully named "Houston Pride Parade and Festival", starting on November 1, 2023. *Exhibit 13.*

75.     While Plaintiff believes that no bond is necessary, upon a finding by this Court that a bond is necessary, Plaintiff will post bond.  In the case the Court finds a bond should be posted, Plaintiff believes the bond should be set at a nominal amount given Defendant's egregious and clearly unlawful, infringing activities.

76.     Plaintiff further requests this Court to set its Application for a Temporary Injunction for a hearing.  After said hearing, Plaintiff requests this Court to issue an injunction against Defendant precluding them from marketing, advertising, soliciting donations, or offering for sale services related to Defendant's infringing "The New Faces of Pride Houston" business.

77.     Plaintiff further requests that this Court set its Application for a Permanent Injunction for a full evidentiary trial on the merits.  After said hearing, Plaintiff requests the Court issue a

Permanent Injunction against Defendant, precluding them from marketing, advertising, soliciting donations, or offering for sale services related to Defendant's infringing "The New Faces of Pride Houston" business.

78.     After a trial on the merits, Defendant will prove that Defendant's infringing "The New Faces of Pride Houston" business is confusingly similar to Plaintiff's "Pride Houston" brand and trade name, as well as Plaintiff's Trademarks and associated Plaintiff's Pride Events. Further, Defendant will also prove that Defendant has no rights or legitimate interests in respect of Plaintiff's Trademarks, brand, or trade name; and that Defendant's infringing activities have been committed in bad faith.  Once these elements are proven, Plaintiff requests this Court to enter an Order to permanently prevent Defendant from ever marketing, advertising, soliciting donations, or offering for sale services related to Defendant's infringing "The New Faces of Pride Houston" business.

## VII
### ATTORNEY'S FEES

79.     The allegations contained in the preceding Paragraphs of this Complaint are incorporated by reference herein as if set forth verbatim.

80.     The recovery of attorneys' fees for trademark infringement is authorized by the provisions of 15 U.S.C. § 1117 and the Texas Civil Practice and Remedies Code §§ 38.001, *et seq.*

81.     As a result of Defendant's unlawful actions, Plaintiff has been required to obtain legal counsel to bring this suit and is therefore entitled to reasonable attorneys' fees that may be awarded by this Court.

## VIII
### PRAYER

**WHEREFORE,** Plaintiff Pride Houston, Inc. prays for judgment against Defendant The New Faces of Pride Houston, Inc. as follows:

A. Plaintiff requests this Court to enter an Order granting an ex parte temporary restraining order, preliminary, and permanent injunctive relief to stop the ongoing infringement of Plaintiff's Trademarks, brand, and trade name;

B. A Court decree that Plaintiff is the exclusive owner of Plaintiff's "Pride Houston", "Houston Pride Parade", and "Houston Pride Festival" trademarks, as identified in the Complaint;

C. A Court decree that Defendant violated the Lanham Act, 15 U.S.C. § 1125(a), and that Defendant's infringing actions were intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.  Plaintiff requests this Court to grant it damages for its actual damages, as well as disgorgement of Defendant's profits from such infringement;

D. Plaintiff requests this Court to enter an Order granting preliminary and permanent injunctive relief to stop Defendant's ongoing unfair competition;

E. An Order enjoining Defendant from advertising, distributing, selling, or offering for sale Defendant's infringing "The New Faces of Pride Houston" products, services, or social events;

F. An award of damages and profits arising from Defendant's trademark dilution and unfair competition, such damages to be trebled in view of the willfulness of Defendant's acts in

infringing upon Plaintiff's trademark and willful and intentional selling of Defendant's infringing "The New Faces of Pride Houston" products, services, and social events;

G. A Court decree that Defendant willfully intended to trade on Plaintiff's reputation and/or to cause dilution of Plaintiff's trademarks.  Plaintiff requests this Court to award it damages, as well as Defendant's profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a);

H. A Court decree granting preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125 (c)(1) against Defendant;

I. A court decree that Defendant violated the Texas Business and Commerce Code by means of unfair competition under the Texas common law by intentionally failing to inform Plaintiff's customers of the difference in the source of the services and by soliciting Plaintiff's customers, through nefarious and deceptive practices and acts, without distinguishing Defendant's services from those of Plaintiff.  Accordingly, Plaintiff requests this Court to award it monetary damages, as well as preliminary and permanent injunctive relief;

J. A declaratory judgment that: (i) Plaintiff has full rights in Plaintiff's own Trademarks; (ii) Defendant's representations that Defendant, rather than Plaintiff, hold the right to Plaintiff's Trademarks is baseless, unfounded, and wholly untrue; (iii) Defendant's conduct infringes upon Plaintiff's Trademarks in violation of the Lanham Act; (iv) that said violations are causing Plaintiff to suffer immediate and unquantifiable harm, including confusion and dilution of Plaintiff's Trademarks; and (v) that Defendant's actions were willful and intended to cause confusion, have caused confusion, and will

continue to cause confusion unless enjoined;

K.  An award of all costs expended in this suit;

L.  An award of attorneys' fees and expenses incurred in connection with this civil action;

M.  Pre- and post-judgment interest; and,

N.  All such other and further relief, special or general, at law or in equity, to which Plaintiff
may show itself to be justly entitled.

Respectfully Submitted,

KEARNEY, MCWILLIAMS & DAVIS, PLLC

*/s/Jamison B. Walters*
Jamison B. Walters
SBN: 24098573
SDTX FN: 3098621
jwalters@kmd.law
Bradley A. Nevills
SBN: 24083561
SDTX FN: 1852126
bnevills@kmd.law
Erik J. Osterrieder
SBN: 24013276
SDTX FN: 24165
eosterrieder@kmd.law
55 Waugh Drive, Ste. 150
Houston, Texas 77007
Tel: (888) 855-1270
Fax: (713) 936-9622
***Attorneys for Plaintiff Pride Houston, Inc.***

**DECLARATION OF KENDRA WALKER**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

1) "My name is Kendra Walker.  I am a current resident of Harris County, Texas.  I am over eighteen (18) years of age and am competent and authorized to make this Declaration.  I have never been convicted of a crime involving moral turpitude.  I have personal knowledge of the facts stated herein, which are true, correct, and within my personal knowledge.

2) "I am the President of Pride Houston, Inc. ("Pride Houston"), a Texas non-profit corporation that annually organizes the official Houston LGBT Pride Celebration which includes the Houston Pride Festival and Houston Pride Parade.  Pride Houston, Inc. has served the Houston LGBT community for forty-six (46) years.

3) "Pride Houston's services include the planning, marketing, and facilitation of social events such as festivals, parades, fashion shows, night-life events, and community engagement events (collectively, hereinafter "Plaintiff's Pride Events") specifically catered to individuals residing within and outside of Houston, Texas, who identify as lesbian, gay, bisexual, transgender, queer, intersex, asexual, and/or otherwise non-heterosexual and/or non-gender conforming (collectively, hereinafter the "LGBTQ+ Community"), as well as their social and civil allies.

4) "Plaintiff's Pride Events have been exceptionally well-received by these communities and have gained significant recognition among the general public, comprising over seven hundred thousand (700,000) participants each year between its various Houston events.

5) "Pride Houston holds several federal-protected trademarks, including "Pride Houston," "Houston Pride Festival," "Houston Pride Parade," "Houston LGBT Pride Celebration," and "Pride Houston Celebration" (collectively, the "Trademarks").  Pride Houston's Trademarks are registered under goods and services related to promoting public awareness of the need for diversity and equal rights in a community comprising LGBTQ identifying people, as well as to commemorating and celebrating the history of the gay and lesbian communities.

6) "Pride Houston enjoys tremendous success, widespread visibility, and significant goodwill throughout the United States, including the popularity and widespread recognition of Plaintiff's brand and trade name by various media outlets and the numerous positive endorsements of Plaintiff's Pride Events, and the public has come to recognize and trust Pride Houston's brand and trade name.

*Exhibit 1*

7)  "An organization called "The New Faces of Pride Houston" has been formed in Texas in an attempt to bankrupt and malign Pride Houston.  The New Faces of Pride Houston are trying to bill themselves as the producers of the Houston Pride Parade and Houston Pride Festival, thus infringing upon Pride Houston's Trademarks and impeding its ability to fundraise and continuing hosting Plaintiff's Pride Events.

8)  "The New Faces of Pride Houston has a vendetta against our organization and has ties with a disgruntled vendor with which Pride Houston decided not to renew a contract with.  Bryan Cotton, President of The New Faces of Pride Houston, as well as Lori Hood, its registered agent and legal representative, were suggested as Board Members for our organization through the disgruntled vendor, but due to obvious conflicts of interest, were not accepted.  Bryan Cotton is the best friend of the disgruntled vendor.  Lori Hood is the intimate partner of the disgruntled vendor.

9)  "Lori Hood is also the lawyer representing the disgruntled vendor in another lawsuit.  Lori Hood has requested financials from Pride Houston as a "concerned citizen" on a fishing expedition even though she knows Pride Houston is represented by counsel.  This fishing expedition to find impropriety where none exists was predictably futile.  The financials of Pride Houston were shared pursuant to Texas law.

10) "The New Faces of Pride Houston is trying to bill itself as the producer of the Houston Pride Parade and Houston Pride Festival, thus impeding on Pride Houston's Trademarks and ability to fundraise in adequate time to once again host same.  Several vendors and sponsors of Pride Houston have expressed concern and confusion between The New Faces of Pride Houston and Pride Houston, between which there is no connection nor relationship.  This has inhibited Pride Houston's ability to fundraise for its annual Houston Pride Celebration that has been produced and hosted by Pride Houston continuously for the past forty-six (46) years.

11) "At least one (1) member of The New Faces of Pride Houston, Dustin Scheffield, is a defendant in a pending lawsuit that includes claims of misappropriation of the funds of Pride Houston.

12) "Monte Bacchus, former Production Team Member for Pride Houston, left Pride Houston in 2020 in a sign of protest as Pride Houston filed suit against Dustin Scheffield, Jacob Siegel, and ex-Executive Director Lorin Roberts.

13) "Donald James, the Treasurer of The New Faces of Pride Houston, was hired by the disgruntled vendor as an influencer for Pride Houston in 2022.

14) "Jill Marie Maxwell, a former member of the Board of Pride Houston, was dismissed from said position in 2019 for failure to fulfill her fiduciary duty.

15) "Andrea Simonton, the project lead for Pride Houston's marketing efforts in 2022, who also worked for the disgruntled vendor, is also a member of The New Faces of Pride

*Exhibit 1*

Houston.  Due to this connection, Pride Houston strongly suspects that unauthorized access to Pride Houston's previous media and sponsor contacts have been wrongfully provided to The New Faces of Pride Houston.

16) "The New Faces of Pride Houston have also used their contacts and friends in the media to plant stories and quotes that Pride Houston has never made.  Pride Houston has been hard at work to have these articles corrected as they are discovered in order to maintain Pride Houston's goodwill and reputation among its sponsors and vendors.

17) "The New Faces of Pride Houston has made false statements to the public claiming it is partnering with organizations for the Houston Pride Parade and Festival to the point that other organizations have been forced to publish statements combating that narrative.

18) "The disgruntled vendor, along with Lori Hood and Bryan Cotton, have made many inflammatory, and untrue, statements in the press about this organization.

19) "It is apparent that The New Faces of Pride Houston are attempting to financially hurt Pride Houston as an attempt to supplant Pride Houston as the official Pride organization of Houston, pass off itself, and its executives, directors, and/or officers, as affiliated with Pride Houston, and infringe on Pride Houston's Trademarks to facilitate same.

20) "The New Faces of Pride Houston business name is problematic and deceitful, and the infringement upon Pride Houston's Trademarks continue to cause confusion and financial harm to Pride Houston, which has been forced to request immediate relief from the courts. Further, Pride Houston has not licensed or granted any permission to any of Pride Houston's Trademarks to The New Faces of Pride Houston.

21) "Pride Houston has long-existed in the same region and market as other Pride festivals held within the City of Houston yet has still maintained to extensively build and establish its brand and trade name as a stand-out amongst same.  While these other events, including, but are not limited to, Pride with Families, the Bigger, Better, Pride, etc., are technically competing events to Plaintiff's Pride Events, Pride Houston has never experienced any conflict with same and is not generally opposed to such competing festivals.  However, Pride Houston has also never experienced  an organization seeking to unlawfully profit from Pride Houston's forty-six (46) year legacy and harm Pride Houston's long-earned goodwill as The New Faces of Houston Pride is now attempting to do.

22) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 2* is a true and correct copy of the Trademark Registration for "Pride Houston."

23) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 3* is a true and correct copy of the Trademark Registration for "Houston Pride Festival."

Exhibit 1

24) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 4* is a true and correct copy of the Trademark Registration for "Houston Pride Parade."

25) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 5* is a true and correct copy of the Trademark Registration for "Houston LGBT Pride Celebration."

26) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 6* is a true and correct copy of the Trademark Registration for "Pride Houston Celebration."

27) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 7* is a true and correct copy of the Articles of Incorporation for the Pride Committee of Houston, Inc. and the Articles of Amendment of Pride Committee of Houston, Inc. changing its business name to Pride Houston, Inc.

28) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 8* is a true and correct copy of the Certificate of Formation of a Nonprofit Corporation for The New Faces of Pride, Inc.

29) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 9* is a true and correct copy of the Certificate of Amendment of The New Faces of Pride, Inc. changing its business name to The New Faces of Pride Houston, Inc.

30) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 10* is a true and correct copy of social media and internet postings by The New Faces of Pride Houston using Pride Houston's Trademarks.

31) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 11* is a true and correct copy of an OutSmart Magazine Article dated October 19, 2023, titled as "Will Houston Have Two Pride Celebrations?"

32) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 12* is a true and correct copy of a Houston Business Journal Article dated October 4, 2023, titled as "Exclusive: Houston's newest LGBTIA+ nonprofit aims to celebrate Pride year-round."

33) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining

Exhibit 1

Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 13* is a true and correct copy of social media and internet postings made by The New Faces of Pride Houston using Pride Houston's Trademarks related to Plaintiff's Pride Events the "Houston Pride Festival" and the "Houston Pride Parade."

34) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 14* is a true and correct copy of Pride Houston's 2024 Official Houston Pride Celebration Registration, Information, and Parade Route Map.

35) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 15* is a true and correct copy of The New Faces of Pride Houston's 2024 Pride Parade and Festival and Parade Route Map.

36) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 16* is a true and correct copy of a Houston Public Media Article dated October 23, 2023, titled "Houston's Feuding Pride organizations planning two separate events for June 2024."

37) "Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as *Exhibit 17* is a true and correct copy of communications sent to Kendra Walker and Pride Houston showing confusion between Pride Houston and The New Faces of Pride Houston.

38) "I declare under penalty of perjury that the foregoing is true and correct.

"Further, Declarant sayeth not."

Executed on October 25, 2023.

Kendra Walker
_____
Kendra Walker

Exhibit 1

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 3,380,987

Registered Feb. 12, 2008

**SERVICE MARK**
**PRINCIPAL REGISTER**

# PRIDE HOUSTON

PRIDE HOUSTON, INC. (TEXAS CORPORA-
TION)

1415 CALIFORNIA ST., SUITE 100

HOUSTON, TX 77006

FOR: PROMOTING PUBLIC AWARENESS OF
THE NEED FOR DIVERSITY AND EQUAL RIGHTS
IN OUR COMMUNITY AS WELL AS TO COMMEM-
ORATE AND CELEBRATE THE HISTORY OF THE
GAY AND LESBIAN COMMUNITY, IN CLASS 35
(U.S. CLS. 100, 101 AND 102).

FIRST USE 10-31-2006; IN COMMERCE 10-31-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,514,587.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "HOUSTON", APART FROM THE
MARK AS SHOWN.

SER. NO. 77-203,372, FILED 6-11-2007.

SUSAN STIGLITZ, EXAMINING ATTORNEY

Exhibit 2

# United States of America

## United States Patent and Trademark Office

## HOUSTON PRIDE FESTIVAL

**Reg. No. 5,313,882**

**Registered Oct. 17, 2017**

**Int. Cl.: 35**

**Service Mark**

**Supplemental Register**

Pride Houston, Inc. (TEXAS CORPORATION)
P. O. Box 541713
Houston, TEXAS 77254

CLASS 35: promoting public awareness of the need for diversity and equal rights in our community as well as to commemorate and celebrate the history of the gay and lesbian community

FIRST USE 4-25-2015; IN COMMERCE 4-25-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "PRIDE FESTIVAL"

SER. NO. 87-034,196, FILED P.R. 05-12-2016; AM. S.R. 08-22-2017



Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

Exhibit 3

# United States of America

## United States Patent and Trademark Office

## HOUSTON PRIDE PARADE

**Reg. No. 5,313,881**

**Registered Oct. 17, 2017**

**Int. Cl.: 35**

**Service Mark**

**Supplemental Register**

Pride Houston, Inc. (TEXAS CORPORATION)
P. O. Box 541713
Houston, TEXAS 77254

CLASS 35: promoting public awareness of the need for diversity and equal rights in our community as well as to commemorate and celebrate the history of the gay and lesbian community

FIRST USE 4-25-2015; IN COMMERCE 4-25-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "PRIDE PARADE"

SER. NO. 87-034,193, FILED P.R. 05-12-2016; AM. S.R. 08-22-2017



*Joseph Matol*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

Exhibit 4

# United States of America

## United States Patent and Trademark Office

# HOUSTON LGBT PRIDE CELEBRATION

**Reg. No. 5,732,151**

**Registered Apr. 23, 2019**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

Pride Houston, Inc.  (TEXAS CORPORATION)
P. O. Box 66071
Houston, TEXAS 77266

CLASS 35: promoting public awareness of the need for diversity and equal rights in our community as well as to commemorate and celebrate the history of the gay and lesbian community

FIRST USE 9-1-2009; IN COMMERCE 9-1-2009

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 4100413

No claim is made to the exclusive right to use the following apart from the mark as shown: "LGBT PRIDE CELEBRATION"

SEC.2(F)

SER. NO. 88-077,017, FILED 08-14-2018



Director of the United States
Patent and Trademark Office

Exhibit 5

# United States of America
## United States Patent and Trademark Office

## PRIDE HOUSTON CELEBRATION

**Reg. No. 6,530,464**

**Registered Oct. 19, 2021**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

Pride Houston, Inc.  (TEXAS CORPORATION)
401 Branard St., #100
Houston, TEXAS 77006

CLASS 35: Promoting public awareness of the need for diversity and equal rights in a community comprising gay, lesbian, bisexual, transsexual, queer, intersex, asexual and questioning persons as well as promoting public awareness of the need to commemorate and celebrate the history of the gay and lesbian community

FIRST USE 6-26-1978; IN COMMERCE 6-26-1978

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SEC.2(F)

SER. NO. 90-448,502, FILED 01-05-2021





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office



Exhibit 6

FILED
In the Office of the
Secretary of State of Texas

MAR 09 2005

Corporations Section

**ARTICLES OF AMENDMENT**
**OF**
**PRIDE COMMITTEE OF HOUSTON, INC.**

**ARTICLE I**

NAME

The name of the corporation is Pride Committee of Houston, Inc.

**ARTICLE II**

AMENDMENT

The following amendment was adopted at a meeting of the Board of Directors held on January 4, 2005, at which there was a quorum.  The amendment received a vote of the majority of the directors in office, there being no members having voting rights in respect thereof.

ARTICLE I of the Articles of Incorporation is amended in its entirety so that, as amended, ARTICLE I shall read as follows:

"ARTICLE I

NAME

The Name of the Corporation is Pride Houston, Inc."

DATED: March 1, 2005

Richard H. Dickerson, Secretary

Exhibit 7

| Form 202 | | |
|---|---|---|
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $25 | <br>**Certificate of Formation<br>Nonprofit Corporation** | **Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 805140557 07/13/2023<br>Document #: 1266586470002<br>Image Generated Electronically<br>for Web Filing** |

### Article 1 - Corporate Name

The filing entity formed is a nonprofit corporation. The name of the entity is :

**<u>The New Faces of Pride</u>**

### Article 2 – Registered Agent and Registered Office

☐A. The initial registered agent is an organization (cannot be corporation named above) by the name of:

**OR**

☑B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**

**lori    hood**

C. The business address of the registered agent and the registered office address is:

**Street Address:**

**2900 North Loop West, Suite 500    Houston  TX  77092**

### Consent of Registered Agent

☐A. A copy of the consent of registered agent is attached.

**OR**

☑B. The consent of the registered agent is maintained by the entity.

### Article 3 - Management

☐ A. Management of the affairs of the corporation is to be vested solely in the members of the corporation.

**OR**

☑ B. Management of the affairs of the corporation is to be vested in its board of directors. The number of directors, which must be a minimum of three, that constitutes the initial board of directors and the names and addresses of the persons who are to serve as directors until the first annual meeting or until their successors are elected and qualified are set forth below.

| Director 1: **bryan    cotton** | Title: **Director** |
|---|---|
| Address: **5706 Pampero Lane    Houston  TX, USA  77092** | |
| Director 2: **donald    james** | Title: **Director** |
| Address: **5706 Pampero Lane    Houston  TX, USA  77092** | |
| Director 3: **jill    maxwell** | Title: **Director** |
| Address: **5706 Pampero Lane    Houston  TX, USA  77092** | |

### Article 4 - Organization Structure

☐ A. The corporation will have members.

or

☑ B. The corporation will not have members.

### Article 5 - Purpose

The corporation is organized for the following purpose or purposes:

**Any purpose authorized by law including but not limited to the pursuit of social, educational, or charitable objectives**

Exhibit 8

| Supplemental Provisions / Information |
|---|

[The attached addendum, if any, is incorporated herein by reference.]

**Effectiveness of Filing**

☑A. This document becomes effective when the document is filed by the secretary of state.

**OR**

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

**Initial Mailing Address**

Address to be used by the Comptroller of Public Accounts for purposes of sending tax information.

The initial mailing address of the filing entity is:

**2900 North Loop West Suite 500**
**houston, tx 77092**
**USA**

**Organizer**

The name and address of the organizer are set forth below.

**Lori Hood          2900 North Loop West Suite 500 Houston, Tx 77092**

**Execution**

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**Lori Hood**
Signature of organizer.

FILING OFFICE COPY

Exhibit 8

| Form 424 | | |
|---|---|---|
| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>**Filing Fee: See instructions** | <br>**Certificate<br>of Amendment** | **Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 805140557 09/12/2023<br>Document #: 1284263450007<br>Image Generated Electronically<br>for Web Filing** |

## Entity Information

The filing entity is a: **Domestic Nonprofit Corporation**

The name of the filing entity is: **The New Faces of Pride**

The file number issued to the filing entity by the secretary of state is: **805140557**

## Amendment to Name

The amendment changes the formation document of the filing entity to change the article or provision that names the entity. The article or provision is amended to read as follows:

The name of the filing entity is:

**The New Faces of Pride Houston**

A letter of consent, if applicable, is attached.

## Statement of Approval

The amendment has been approved in the manner required by the Texas Business Organizations Code and by the governing documents of the entity.

## Effectiveness of Filing

☑A. This document becomes effective when the document is filed by the secretary of state.

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its filing by the secretary of state. The delayed effective date is:

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and declares under penalty of perjury that the undersigned is authorized under the Texas Business Organizations Code to execute the filing instrument.

Date: **September 12, 2023**

**Bryan Cotton**

Signature of authorized person

FILING OFFICE COPY

Exhibit 9

  **New Faces of Pride Houston** is at **Houston Texans**.

6h · Houston · 🌐

‹ ⋯

To accompany your Sunday morning coffee 😎 Thank you OutSmart Magazine for the feature and thank you Houston for the opportunity to serve our community in the way it deserves!

"New Faces of Pride Houston has emerged in the wake of the ongoing dysfunction among Houston's Pride organizers. Bryan Cotton is the president and founder of this new endeavor, and he hopes that with the support of an experienced board of directors and the community at large, Houston Pride events will once again be an attractive destination for people all over the region."

Read the full article:
https://www.outsmartmagazine.com/2023/10/pride-gets-a-new-look/

#Houston #NewFacesofPride #PrideHouston



outsmartmagazine.com
**Pride Gets a New Look**

 Like    Comment    Share

*Exhibit 10*
Page **1** of **9**



3:31    LTE

🔒 instagram.com

‹    **Comments**

officialhoustonpride Here's the tea ☕...
more
1h

magenpastor Congrats!!!!
1h    Reply

—— View all 1 replies

andrea.simontonn Let's gooooo 🔥 🔥
14m    Reply

officialhoustonpride #HoustonPride #HTXPride
#LGBTQHouston #HoustonLove #PrideHouston
#HouProud #QueerHouston #DiverseHTX
#LoveIsLoveHouston...
more
1h    Reply

redhot1378 wish I could go
1h    Reply

chris_elvin01 @houstoncommunityy
1h    Reply

Exhibit 10
Page 2 of 9

3:26                                    .ıll LTE 🔋

‹        New Faces of Pride Houston      💬  🔍

**Posts**    About    Photos    Reels    More ▾



**New Faces of Pride Houston** is at **Rich's Club.**    •••
2h · Houston · 🌐

We're excited to be joined by the AIDS Healthcare Foundation who will be offering onsite free HIV testing and PrEP 🫂 #endthestigma

Are you RSVPd? Join us for our first ever kick-off event and meet the New Faces of Pride Houston 🌈



eventbrite.com

🏠        👥        ⊙        🔔        👤
Home    Friends    Profile    Notifications    Menu

Exhibit 10
Page 3 of 9



# officialhoustonpride

Follow    Message

**New Faces of Pride Houston**

Nonprofit organization
Our mission is to foster unity, inclusivity and empowerment within the diverse #LGBTQ+ community of Houston through year-round events and fundraising.
🔗 linktr.ee/NewFacesOfPride

| **5**<br>posts | **223**<br>followers | **155**<br>following |
|:---:|:---:|:---:|



## See full profile in the app

Enjoy photos, videos and more from officialhoustonpride

**Get the Instagram app**

**Not now**

Exhibit 10
Page 4 of 9



Exhibit 10
Page 5 of 9

6:29

**Posts**                    Follow

newfacesofpridehouston
Houston, Texas                    ...



♡  ○  ◁                    🔖

**46 likes**

**newfacesofpridehouston** Our mission is to
foster unity, inclusivity, and empowerment
within the diverse LGBTQ+ community of
Houston. Through year-round events and
fundraising initiatives, we welcome everyone
to join us in amplifying and celebrating the
vibrant identities that make up our city. 🌈

    

Exhibit 10
Page **6** of **9**



Exhibit 10
Page 7 of 9



Exhibit 10
Page 8 of 9

6:30



NEWFACESOFPRIDEHOUSTON
**Posts**                    Follow



**Liked by laurensalazarofficial** and **84 others**

**newfacesofpridehouston** And just like that, the secret is out! The New Faces of Pride are eager and prepared to serve our community not only in June but year-round. To all the businesses and individuals who have already shown their appreciation and support, we extend our heartfelt thanks. Join us for our first event at ReBar, on November 9th at 6 p.m. We can't wait to meet you.

View all 7 comments

October 4

 **newfacesofpridehouston**                    ...
Houston, Texas



1/2

Exhibit 10
Page **9** of **9**



## Will Houston Have Two Pride Celebrations?

New Faces of Pride will hold a parade and festival one week before Pride Houston.



Marene Gustin    October 19, 2023    49    5 minutes read



| 124 SHARES | Share | Tweet | Subscribe | Share | Mail |

*Story updated: 10/20/23*

Pride in Houston has a new face—a new organization, actually—called New Faces of Pride Houston.

 "For a year now, people in the community have been saying somebody has to do something about Pride," said Realtor Bryan Cotton, the new organization's president. "So, I did."

New Faces of Pride Houston will have a parade and festival downtown next June 22.

<span style="color:blue">*Exhibit 11*</span>



*New Faces of Pride Houston logo*

Born during the '70s fight for equal rights in the wake of the Stonewall Riots, Houston's Pride parade made its official launch in 1979. Through the gay-bar police raids, the AIDS crisis, and a homophobic mayor in the late '70s, the nonprofit Pride Houston marched on as a rainbow beacon for the local LGBTQ community. But it has not been without internal strife. As far back as 1986, the Pride Committee quarreled over merchandise and then faced backlash in 2015 when, with little community input, it moved the Montrose-centric block party downtown. And in 2017, Pride Houston (the name of the parade's sponsor since 1992) filed a lawsuit against its former president Frankie Quijano, alleging he had refused to turn over the organization's business assets. The parties agreed to a settlement in December of that year, and Lorin "Lo" Roberts officially became the first Black female president of the organization.

Jump forward just four years, when the organization fired Roberts and filed a lawsuit against her and two former treasurers, alleging they colluded to misrepresent and hide expenditures, payments, and the overall financial standing of the organization. Countersuits followed that are still ongoing, and Roberts is currently vice president of internal affairs for Fort Bend County Pride, whose festival is set for November 12.

*Exhibit 11*

And during all this, the parade and festival were suspended for two years due to COVID-19. This year, the downtown parade took place without the usual pre-parade festival.

"It had been several years since we had a float in the parade," recalled Howard Huffstutler, president of The Diana Foundation, the oldest continuously active gay organization in the country that has raised and donated millions of dollars for local community organizations. "So, we paid around $220 for a parade fee in 2020, but of course the parade was canceled. When I called about using the money for the next parade—not a refund, mind you, but just to apply it to the next parade—I was told they would do that."

When the parade resumed in 2022, Huffstutler called again and was told by the now-executive director, Kendra Walker, that they didn't have any money. "She said we had no credit because Pride had had to pay bills and that was just the way it was," he said. "Then she said we could buy a new float permit for $2,000! She wanted to charge another nonprofit $2,000. My board was appalled. No way could we justify that when that money could pay for a scholarship."

The Diana Foundation clarified that they had no intention of pursuing legal action over a mere $200, especially not against another nonprofit within the community. A different vendor at Pride Houston exhibited a less forgiving attitude regarding the nonprofit's outstanding website maintenance fee.

"We were hired in March of 2022," said Heather Taylor of her Mad Hat Maven creative agency. "We did the rebrand, new website, parade theme—all of it." Taylor said the nonprofit was so short staffed that her staff wound up working at the festival, she even took tickets at the gate. But when Pride month ended, they were told they weren't needed anymore. "We still had two months on our contract when June was over, but they said we were done," Taylor said.

Exhibit 11

Eventually, the nonprofit (now rebranded as Pride Houston 365) paid the rest of Mad Hat Maven's contract, but not the money owed for maintaining the website. Taylor said it's not about the money, but the principle. "You don't just stop paying your bills." Mad Hat Maven has been trying to collect approximately $2,000 for website services since last September, and decided to sue this year.

Pride Houston 365 Executive Director Kendra Walker denied speaking to Howard Huffstutler or having any correspondence about the rollover fee. She also said Mad Hat Maven Creative was in violation of their contract. That lawsuit is still pending.

Despite all the ongoing issues, Pride Houston 365 is making plans for 2024, having secured permits for June 29 for the festival and parade, with a theme of "You Won't Break Our Pride."



*Pride Houston 365 logo*

"We are financially solvent, we already have the money for 2024 and sponsors like ABC13 (our local TV affiliate), and we will open registration on October 23," says Executive Director Kendra Walker. "But we were surprised that another organization had applied for the week before."

Susan Christian, director of the Mayor's Office of Special Events, confirmed the dates.

<span style="color:blue">Exhibit 11</span>

"The new organization has a lot of people we have worked with for years," Christian says. "The events are not on conflicting dates, we wouldn't encourage having two Pride parades," she said, "but we can do it. There's always room to be Prideful."

In fact, Houston has had two Martin Luther King parades on MLK Day for several years. And  Los Angeles and the City of West Hollywood (WeHo) split up in 2022, with the nonprofit L.A. Parade moving back to L.A. and WeHo now hosting its own Pride parade and events. This year they had two parades a week—and just a few miles—apart.

The L.A. Times reported then that: *Tensions between LA Pride's parent organization, Christopher Street West, and West Hollywood's city fathers had simmered for years. There was a disastrous attempted rebrand in 2016 that critics dubbed "gay Coachella," spats over accounting, and a widespread feeling among queer Angelenos of color that the organization and the city were unwelcoming and unrepresentative.*

"I don't think our city can support two events of that magnitude," said Walker. "We were shocked to see all the people on the new board who have worked with us in the past and some who are involved in the ongoing lawsuits."

"We know most of the members," she adds. "It is what it is, there's nothing we can do about it. It's going to be interesting, but the goal should be that Houston has a celebration."

When asked if the two organizations could merge, Walker was pretty certain that would not happen.

"I don't think so," she said. "If that were the case, they would have contacted us before."

Cotton said New Faces of Pride Houston had a board meeting in July, and already has sponsors for next year's events. The

Exhibit 11

organization has been approved as a charity by the Texas Secretary of State and is now an active 501(c)(3) nonprofit.

"The City has been very happy to work with us," he said. "And the performing arts organizations are backing us, Houston Grand Opera was very happy to hear about us. Plus, we have bars where we intend to have Happy Hours every month." New Faces of Pride Houston will host its first official event November 9 at Rich's Houston.

"People have been coming out of the woodwork to support us," said Cotton. "It's a sign that this is what the community needs right now and that we are doing the right thing."

*For more information about New Faces of Pride Houston, visit newfacesofpride.org and for Pride Houston 365, pridehouston365.org.*

**Comments**

*Exhibit 11*

From the Houston Business Journal:
https://www.bizjournals.com/houston/news/2023/10/04/new-faces-of-pride-houston-launches.html

SUBSCRIBER CONTENT:

**Philanthropy & Nonprofits**

# Exclusive: Houston's newest LGBTIA+ nonprofit aims to celebrate Pride year-round



New Faces of Pride Houston is the Bayou City's newest LGBTQIA+ nonprofit.

TASHA GOREL



By Sofia Gonzalez – Reporter, Houston Business Journal
Oct 4, 2023

Exhibit 12



Listen to this article    7 min

*Clarification: New Faces of Pride Houston is a separate entity from Pride Houston and does not own the trademark.*

*Bryan Cotton wants to make sure Pride is celebrated year-round, not just during Pride month in June.*

*That's why he founded the city's newest LGBTQIA+ organization: New Faces of Pride Houston, which he is also president of.*

*Cotton, who who has worked in nonprofits for about two decades, moved quickly to establish his organization. New Faces of Pride Houston has been in the works since May, but officially launched July 13.*

*He formed New Faces of Pride with the help of a diverse board and an advisory board that is representative of both the city and the county, he said.*

*New Faces of Pride aims to highlight businesses and fellow nonprofits through regular monthly events. And the organization has already established alliances with other nonprofits, including the Houston Grand Opera and Alley Theater, and businesses, such as well-known gay bars like Pearl Bar and Rich's, formerly known as ReBar.*

*In addition to keeping LGBTQIA+ businesses in the zeitgeist throughout the year, he hopes to bring attention to nonprofits helping members of the Pride community. One in particular is Tony's Place, a nonprofit for homeless and unstably housed LGBTQIA+ youth and allies.*

*Coming up this holiday season, Cotton said New Faces of Pride wants to host a happy hour that will also double as a clothing drive, specifically asking for jackets that can be given to homeless gay youth during the winter.*

*Cotton said events will ramp up as the June Pride festival approaches. For that event, two activities he said he's most excited for include bar row and nonprofit alley. He said these will give patrons a chance to engage with businesses and programs that they might not be currently familiar with.*

Exhibit 12

*New Faces of Pride's first event will be on Nov. 9 at 6 p.m. at Rich's.*

*The Houston Business Journal spoke with Cotton for an exclusive story to find out more about the new organization and its plans for the Houston area.*

**What is the inspiration for this new organization?** In the last few years, many people in the community have expressed concern about [needing] a new Pride; saying something needs to be done [and] whatnot. Eventually, somebody said, "Maybe that person is you," and I said, "Well, I guess so."

I reached out to Jill Maxwell, actually ... [because] she has former board experience with another Pride organization. I said, "Hey, I want to start a new Pride in Houston, but I'm only going to do it if you will be my board secretary and do this with me." She didn't even give it a second thought before she said "Let's do it," and then we ran with it.

Houston needs a Pride organization focused on bringing the community together and focused on all the nonprofits in the community, trying to shine a spotlight on everybody. That is our focus.

I know a lot of other Prides do their big thing in June, [but] we want to do stuff throughout the year. That was one of the things that the gay bars were very happy to hear when we were talking with all of them. They were thrilled that we reached out to them and wanted to work with them. One of the things we're going to do is host monthly happy hours where we bring people in, but we also want to highlight nonprofits from the community every month. It'll be a different one every month. Even though we're a nonprofit, we don't want the focus to just be on us because our focus as Pride is to showcase the very best of our community. That is our goal.

**How is this Pride organization different from others in the city?** We are focusing on bringing the community together. We are focusing on the LGBTQIA+ organizations and the LGBTQIA+-owned businesses. We are working with the gay bars, [and] we are hosting events in those bars. We are also working with theater companies.

We are giving back by highlighting all these nonprofits. We are giving back at the end of the season. We're cutting checks to two charities. Our goal is to focus on bringing our community together and making it a truly all inclusive, welcoming place for everyone.

*Exhibit 12*

**You mention giving back and cutting checks to two charities. Can you expand on that more? How will these be chosen?** We are picking two nonprofits that are going to be the main nonprofits we focusing on. At the end of the Pride season, when all is said and done — and all the bills are paid and we have money prepared for next year — we're cutting checks to these two organizations.

One of the two organizations is Tony's Place. We're super excited about working with them. They are a fabulous organization. Hopefully with the next almost-year of coverage with us, events and everything else, people will learn so much more about them and give them quite a bit of money. Then we do have a second charity that we have selected, [but] we're working on a few details with them.

We selected these two nonprofits ourselves because we knew them in the community. Next year, we'll have a different selection process. We will welcome people to apply, which we'll have a whole process for next year on our website.

**Where would you like to see the organization 10 years down the road?** I want this to be even bigger. I would love it if we were taking on more than two charities a year. I want us to be a destination Pride within the next few years. With the group of people we have working with us, and the group of people we have wanting to help us, there's no reason we can't make that happen.

We're the fourth largest city in the country, and we have such amazing support and venues — there's no reason we can't have one of the best Prides in the city. And that is absolutely our goal. When you have an organization run by people who know how to run an organization, and you have people on the board who know how to run a parade and festival, and people who have great relationships with people at the city and the police department and everywhere else — there's no reason we can't pull off an extremely successful event and continue to build and grow it every year.

We want to keep our sponsors very happy. We're going to treat them with respect, as they should always be treated. We're going to treat our guests with respect — security will always be an absolute top priority for us.

**Although you all will be officially public once this article is published, what has the support been like so far?** We're overwhelmed with the amount of support we've had — and we haven't even gone public. So for the number of people who have reached out to

Exhibit 12

us just by hearing about us from word of mouth or any of the other way — rumors that may have been going around or whatever — it's amazing that we've had that kind of support already.

That also tells us this is what the city and the community needed, and we're doing the right thing. We are very proud to be the ones to do this and build a Pride that the community can be proud of.

*This interview was edited for length and clarity.*

Exhibit 12



Exhibit 13
Page 1 of 2



Exhibit 13
Page 2 of 2



**HOUSTON PRIDE FESTIVAL AND HOUSTON PRIDE PARADE REGISTRATION**

The 46th annual Houston Pride Celebration will take place downtown at Houston City Hall, 901 Bagby St, on Saturday, June 29, 2024, in Houston, TX. This has been Houston's Premiere Event of the Pride Season for over 40+ years.

1. Create an account.
2. Reserve one or multiple Celebration Festival and/or Parade Spot(s).
3. Sign your Celebration Agreement
4. Submit important information and supporting documentation.
5. Pay your applicable registration fees.

*Exhibit 14*

**THE OFFICIAL HOUSTON PRIDE CELEBRATION PARTICIPANT REGISTRATION FEES**

6% PROCESSING FEE ADDED TO ALL REGISTRATION ENTRIES

| | Houston Pride Festival® | | | Houston Pride Parade® | | |
|---|---|---|---|---|---|---|
| | Early Registration < December 31 | Registration Jan 1 – April 30 | Late Registration May 1 – June 15 | Early Registration < December 31 | Registration Jan 1 – April 30 | Late Registration May 1 – June 15 |
| Local Non-Profit | $550 | $750 | $2500 | $550 | $750 | $2500 |
| Local For-Profit Small Businesses | $750 | $950 | | $750 | $950 | |
| Other | $900 | $1200 | | $900 | $1200 | |
| Food Trucks and/or Food Concession Stands | $1000 | $1200 | | | | |

# Required Documents

- Signed Celebration Agreement (Download & sign or request DocuSign at celebration@pridehouston.org. **Required for everyone.**
- Proof of Registration Class. (Proof of mission or purpose via website, social media profile, charter, article of incorporations, certificate of formation, bylaws, federal tax-exempt certificate, approved state tax-exempt form, etc.) **Required only for local businesses.**
- City of Houston Health Certificate for food and beverage handlers. **Required for anyone selling, giving away and/or handling foods and beverages that will be distributed during the festival.**
- Photo of Driver License - Front and Back. **Required for drivers of vehicles in the Parade. Present at check-in on Event Day.**
- Automobile Insurance for the individual identified by the Driver License. **Required for drivers of vehicles in the Parade. Present at check-in on Event Day.**
- General Commercial or Personal Liability Insurance in amounts not less than $500,000 USD per claim and $1,000,000 USD aggregate adding Pride Houston, Inc. and the City of Houston as additional insured(s). **Required for organizations & individuals "not" purchasing celebration insurance through the registration system.**

***Want To Become A Sponsor of the 2024 Houston Pride Celebration?*** Sponsorship inquiries please email sponsorinquiry@pridehouston.org

**Refund Policy**

*Exhibit 14*

Case 4:23-cv-04065    Document 3-1    Filed on 10/26/23 in TXSD    Page 69 of 89



(/)



# 2023 Houston Pride Parade

Exhibit 14



Parade Map
(https://pridehouston365.org/wp-content/uploads/2023/10/Map.png)

# Our Sponsors & Partners

Exhibit 14



**JOIN US FOR THE 2024 PARADE + FESTIVAL DOWNTOWN HOUSTON**

June 22nd Parade + Festival
Fish Plaza, Wortham Theater
Downtown, Houston



COPYRIGHT © 2023 NEW FACES OF PRIDE HOUSTON - ALL RIGHTS RESERVED.

VOLUNTEER
2024 CELEBRATION

*Exhibit 15*

# Houston's feuding Pride organizations planning two separate events for June 2024

Tensions already are bubbling between Pride Houston 365, the longtime organizer of Houston's annual Pride parade and festival, and a new organization called New Faces of Pride Houston that is planning its own events next year.

ADAM ZUVANICH | OCTOBER 23, 2023, 3:25 PM (LAST UPDATED: OCTOBER 23, 2023, 4:07 PM)

Share    



Rob Salinas/Houston Public Media

Marchers in the 2023 Pride Parade organized by Pride Houston 365.

There was no Pride festival in Houston this June, like there had been in previous summers.

Next summer the city could play host to two festivals and parades celebrating its LGBTQ+ community — scheduled one week apart.

Call them dueling Pride events being organized by feuding nonprofits, who are competing for the same group of prospective attendees, the same corporate sponsors and, perhaps ultimately, their own livelihoods.

A downtown Pride parade and festival is being planned for June 22 by New Faces of Pride Houston, which formed this July and includes people previously associated with Pride Houston 365, the organization that began hosting an annual Pride parade 45 years ago. That organization's 2024 parade and festival is scheduled for June 29, also downtown and with the same parade route.

"You could look at it as competing," said Bryan Cotton, the founder and president of New Faces of Pride Houston. "If they actually have their event next summer, people will have the choice of which to go to. Many people, nonprofits and companies have never had a choice of which (Pride) organization to work with. They felt they had to work with one particular group. Now they have a choice."

Cotton said he and fellow board member Jill Maxwell, a former board member for Pride Houston, led the launch of the new group because of turmoil associated with Pride Houston. That organization scrapped last year's Pride festival after the 2022 event was marred by high heat and capacity issues, and for the last two years has been embroiled in a lawsuit against former executive director Lorin Roberts, whom Pride Houston accused of fraud, embezzlement and breach of fiduciary duty, among other claims.

One of the other defendants in that lawsuit, former Pride Houston staff member Dustin Sheffield, now works for New Faces of Pride Houston, according to Cotton. He said one of the advisory board members for the new group is Lori Hood, a Houston attorney who is presenting a local marketing agency, Mad Hat Maven, in a separate lawsuit filed in May that accuses Pride Houston of breaching a contract between the two entities.

Exhibit 16

There are other connections between the two local Pride organizations, according to Cotton and Pride Houston president Kendra Walker, who accuses New Faces of Pride Houston of tapping into its experience and resources and trying to piggyback off its historical success as well as its name recognition. Walker said Pride Houston sent a cease-and-desist letter to New Faces of Pride Houston, alleging that its logo and use of the phrase "Pride Houston" in its name amount to trademark infringement.

Walker added that Pride Houston is "considering all legal options available to us."



Rob Salinas/Houston Public Media

Marchers in the 2023 Houston Pride Parade.

"As you can see, the new faces are pretty much the old faces that were affiliated with Pride (Houston)," Walker said. "While we certainly welcome them, we wish them success, we don't wish you success with our trademarks."

Cotton acknowledged receiving the cease-and-desist letter but denied that New Faces of Pride Houston is infringing on the trademarks of Pride Houston, calling them "very vague trademarks."

"Our lawyer has already spoken to their lawyer, letting them know we have every intention to challenge it," Cotton added. "We will do so in court if necessary. They will lose in court if they have the intention of pursuing it that far."

Cotton also acknowledged that New Faces of Pride Houston is benefitting from the experience and City Hall connections of Sheffield and some of its other staffers and leaders who previously were tied to Pride Houston. The longer-tenured organization has typically drawn hundreds of thousands of people to its parade and festival.

Walker questioned the ethics involved with a new organization using the blueprint of a similar, competing group. She also said some of Pride Houston's existing sponsors have been contacted by New Faces of Pride Houston, which she said has created confusion in the community.

Pride Houston is generally supportive of other Pride organizations and Pride events, Walker said.

"I don't want people to think this is bad blood or anything," she said. "At the end of the day, people have the option to move on."

When asked if the two local Pride organizations and their events could coexist over the long term, Cotton said he thinks one of them will eventually be phased out while adding, "I imagine New Faces of Pride will be here for a very long time." Still, he said his organization is not aiming to snuff out the other.

"This was definitely done to give the community a Pride organization that is truly diverse and transparent and one that the community can be proud of once again," Cotton said. "Because it's been a long time since the community has felt good about Pride in this city."

The Montrose Center, a local nonprofit that describes itself as the "cultural hub of Houston's LGBTQ community," is so far staying on the sidelines in the dispute between Pride Houston and New Faces of Pride Houston. A spokesperson for the Montrose Center said it is "staying neutral" and will not partner with either organization, or any others, as it relates to their 2024 events.

Exhibit 16

10/24/23, 11:39 AM    Houston's feuding Pride organizations planning two separate events for June 2024 – Houston Public Media

Case 4:23-cv-04065    Document 3-1    Filed on 10/26/23 in TXSD    Page 74 of 89

"We are aware that there are several organizations across the Houston area, some established and some new, who are planning Pride events," the Montrose Center said in a statement last Friday. "We wish them well. We remain committed to empowering all LGBTQ individuals to live healthier, more fulfilling lives."

Exhibit 16



gotcha

12:21 PM

That group new faces of pride is not us

It shows you're going to their event on November 9

That's not our organization

I see now ..... the logo different and I must have randomly checked it

Exhibit 17



‹ **Inbox**          **5 Messages**          ⌃  ⌄

**AS**  **Aaron Slessinger**                    4:31PM
To: Kendra, Laura & 3 more... ›

# RE: 2024 Houston Pride Sponsorship Meeting

HI Kenda,

Yes, let's meet up.

We're very confused with "The New Faces…" org coming into the picture and emulating your programing.  Def worth a conversation.

@Radick, Laura (CW - CW-Executive Assistant), can you get us time in the coming weeks?

**Aaron Slessinger**
Senior Director, PS Displays & Docks

aaron.slessinger@hp.com
M + 281-788-9998
HP Inc. Spring, TX
LinkedIn
he/him/his — what's this?

Admin Assistant
Laura Radick, laura.radick@hp.com



Exhibit 17



8:16

I saw that on Facebook, it's it like a pride pride organization?

I hadn't heard anything about them until today. Is that what Susan was referring to about another parade?

Exhibit 17



**2024 Houston Pride Parade**

I am confused by the two emails attached stating Parade is on 6/22/2024.  However, on your site it states that happens on 6/29/2024 at 2024 Official Houston Pride Celebration Registration (regfox.com) . bp has always participate the Annual Houston Pride Parade and somewhat confused by communications going out from :New Faces of Pride Houston organization, as I am sure city would not issue permits to shut down two weekends in a role.  Can you confirm your organization is hosting the 2024 Houston Pride Parade?  If so, if we need two slots how do you purchase on your link?

Thanks in advance for your assistance.

Thanks,

**Jeffrey B. Wolfe**
**Tax Manager**
BP America, Inc.
281-800-7859 - Office

Exhibit 17



**2:49**

Done

**Ken Ng**                                    Wednesday
To: bryan.lafrance@accentu... & 111 more ›

## FW: Introducing the New Faces of Pride Houston

ALL.

I just received an email and additional information (attached) coming directly from the president of the New Faces of Pride Houston, Bryan Cotton.

This is a **501(c)3 non-profit** organization, and it is partnering with both **The Montrose Center** and **Tony's Place** to host the 2024 "New Faces of Pride Houston" Parade in Downtown Houston on Saturday June 22, 2024.

If you are available on Thursday November 9th for their (FREE) Kickoff Celebration, Please attend. Registrations Link:
https://www.eventbrite.com/e/new-faces-of-pride-houston-kick-off-celebration-tickets-739424658057?aff=oddtdtcreator

And Feel free to email / contact Bryan Cotton if you have any questions.  Bryan's contact information is below in this email thread.

Thanks.

**Ken Ng**  ||
Cybersecurity Engineer for Operational Technologies

**Chevron**

**Chevron Technical Center (CTC)**

*Exhibit 17*



**CONTACT:** Marcellas Ball
Communications and Marketing Manager
(713) 800-0840
media@montrosecenter.org

**FOR IMMEDIATE RELEASE**
October 20, 2023

**(HOUSTON, TX)** – The Montrose Center is not partnering with any organization producing a Pride parade
or festival in 2024. A recent announcement made by one such organization is incorrect. We are aware
that there are several organizations across the Houston area, some established and some new, who are
planning Pride events. We wish them well. We remain committed to empowering all LGBTQ individuals
to live healthier, more fulfilling lives… our mission for the last 45 years.

### 





48 likes

██████████████ Over the
weekend, ████████████ had the
incredible honor of attending and
performing at the Out For Good Gala hosted
by our friends at the @montrosecenter 🙏
We look forward to our partnership. Thank
you for all that you do!

*Exhibit 17*

## DECLARATION OF ERIK J. OSTERRIEDER

1.      "My name is Erik J. Osterrieder, I am of sound mind, over twenty-one (21) years of age, have never been convicted of a felony or misdemeanor involving moral turpitude, and am personally acquainted with the facts herein stated and they are true and correct;

2.      I am specifically familiar with the facts, law, and processes relating to the above referenced matter, and I have served as legal counsel for Pride Houston, Inc. since before the instant complaint was filed.

3.      Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as Exhibit 19 is a true and correct copy of the Cease-and-Desist Letter addressed to Defendant, The New Faces of Pride Houston, Inc., transmitted on October 11, 2023.

4.      Attached to Plaintiff's Original Complaint and Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Declaratory Action as Exhibit 20 is a true and correct copy emails between myself and Lori Hood, on October 12, 2023, regarding the Cease and Desist Letter.

5.      I declare under penalty of perjury that the foregoing is true and correct.

Further declarant sayeth not."

Executed on on the 25th day of October, 2023.

Erik Osterrieder (Oct 25, 2023 21:12 GMT+5)

_____

Erik J. Osterrieder

1

**Exhibit 18**

# Declaration of EJO for Ex 18

**Final Audit Report**                                                        2023-10-25

| | |
|---|---|
| Created: | 2023-10-25 |
| By: | Jamison Walters (jwalters@kmd.law) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAz4JrK8z2VZ-fXb1NOUcKt_sVC9N0W6Uv |

## "Declaration of EJO for Ex 18" History

📄 Document created by Jamison Walters (jwalters@kmd.law)
    2023-10-25 - 4:04:39 PM GMT- IP address: 98.200.255.33

📧 Document emailed to Erik Osterrieder (eosterrieder@kmd.law) for signature
    2023-10-25 - 4:04:54 PM GMT

📄 Email viewed by Erik Osterrieder (eosterrieder@kmd.law)
    2023-10-25 - 4:11:44 PM GMT- IP address: 203.104.26.202

🔏 Document e-signed by Erik Osterrieder (eosterrieder@kmd.law)
    Signature Date: 2023-10-25 - 4:12:09 PM GMT - Time Source: server- IP address: 203.104.26.202

✅ Agreement completed.
    2023-10-25 - 4:12:09 PM GMT

**Adobe Acrobat Sign**

*Exhibit 18*

# KEARNEY MCWILLIAMS & DAVIS

## ATTORNEYS AT LAW

**Houston**: 55 Waugh, Suite 150, Houston, TX  77007
**Fort Worth**: 777 Main, Suite 600, Fort Worth, TX 76102
**San Antonio**:  8626 Tesoro, Suite 816, San Antonio, TX  78217
**Denver**:  1625 Broadway, Suite 2950, Denver, CO  80202
**Wyoming**:  110 S. Gould St., 2nd Floor, Sheridan, WY  82801

**Phone:**  (713) 201-0303
ejo@kmd.law

October 11, 2023

The New Faces of Pride Houston
Attn.:  Lori Hood, registered agent
2900 N. Loop W., Ste. 500
Houston, TX  77092

*via email:  lhood@mayerllp.com;*
*bryancotton74@gmail.com*
*via USPS Priority to Registered Agent only*

**Re:**      ***CEASE AND DESIST***

Dear The New Faces of Pride Houston:

We represent Pride Houston, Inc, and we are contacting you about usage of our client's registered trademarks, which are shown below for your convenience:

| |
|---|
| PRIDE HOUSTON CELEBRATION |
| QUEER·ISH |
| HOUSTON LGBT PRIDE CELEBRATION |
| HOUSTON PRIDE FESTIVAL |
| HOUSTON PRIDE PARADE |
|  |
| PRIDE HOUSTON |

Although no warning is necessary, we reach out to you as a courtesy to request that you cease and desist immediately from use of identical and/or similar marks likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association with our client, or as to the origin, sponsorship, or approval of your services with our client's.  Over many years, our client has invested substantial time, energy, and resources in building these marks.

Page 1 of 2

*Exhibit 19*

Undoubtedly and comparatively, our client is the senior user of the marks in the table that are associated with services your new organization is starting to offer or will in the future.  To exemplify, and without limitation, your problematic uses include The New Faces of Pride Houston as well as Pride Houston and Houston Pride Parade + Festival.  On your Facebook page, you even use #PrideHouston.  We recognize an organization's fair desire to define itself and its goods/services, but your new organization unfairly leans on and uses my client's property.

As a result, your junior use is a serious matter which we wish to resolve amicably and quickly.  To that end, we simply request that you immediately:

(1) cease all use and plans to use marks that are identical or confusingly similar to our client's marks in the table; and

(2) provide us with written confirmation, such as emailing me, of your compliance with (1) by Friday, October 20, 2022 at 6:00 p.m. Central Time.

Else, we understand that you have no intention to cease, and, instead, to reap where you have not sewn.  As a result, we shall recommend to our client, who reserves the right to pursue any and all remedies, to proceed with action.  Example causes of action may include:  (1) trademark infringement; (2) trademark dilution; (3) passing off; (4) tortious interference with contracts; (5) tortious interference with business relationships; (6) injury to business reputation; (7) fraud; and (8) unfair competition and other torts.  In addition to preliminary and permanent injunctive relief, awards of damages, exemplary damages, attorney fees, and court costs are possible, especially for intentional behavior.  If suit is begun, then we shall not settle for anything less than a full accounting of damages, including exemplary damages, attorney fees, and costs. Satisfaction of any judgment upon suit, which will be in our favor, may come from the sale, lien, acquisition, garnishment, and/or other encumbrances of your personal assets and those in privity with your actions. Thus, please take this warning with great heed.

Please feel free to reach me on this matter.  Thank you.

Very truly yours,

*Erik J. Osterrieder*

Erik J. Osterrieder

Exhibit 19

**jwalters@kmd.law**

| | |
|---|---|
| **From:** | Lori Hood <lhood@mayerllp.com> |
| **Sent:** | Thursday, October 12, 2023 10:20 AM |
| **To:** | eosterrieder@kmd.law; bryancotton74@gmail.com |
| **Subject:** | RE: letter |

Eric, So happy to speak with you yesterday. While we do not agree with the allegations and conclusions in your letter, we do look forward to sitting down with you to discuss how both of these charities can do the most good for the community and Houston.  Given the events of the day, conflict between GLBTQ+ charities is ridiculous.   Let me know when you are available to discuss the marks.   Have a great day.



**LORI HOOD | PARTNER**
LLM-Taxation

2900 North Loop West• Suite 500 • Houston, TX 77092
W 713.487.2005 • C 832.367.3111
lhood@mayerllp.com • mayerllp.com

---

**From:** eosterrieder@kmd.law <eosterrieder@kmd.law>
**Sent:** Wednesday, October 11, 2023 3:42 PM
**To:** Lori Hood <lhood@mayerllp.com>; bryancotton74@gmail.com
**Subject:** letter

Dear The New Faces of Pride Houston,

Attached, please find a letter, and reach me with any questions and comments.

If you or someone else represents The New Faces of Pride Houston in this matter, Lori, then please let me know.  Thank you.

Regards,
Erik

Erik J. Osterrieder
*IP Attorney*



**KEARNEY, MCWILLIAMS & DAVIS**
**Houston:** 55 Waugh, Ste. 150, Houston, TX  77007
**San Antonio:** 40 NE Loop 410, Ste. 431, San Antonio, TX  78216
**Dallas/Fort Worth:** 1235 South Main, Ste. 280, Grapevine, TX  76051
**Denver:** 1625 Broadway, Ste. 2950, Denver, CO  80202
**Wyoming:** 110 S. Gould, 2nd Floor, Sheridan, WY  82801
Phone:  (713) 201-0303
Email:  ejo@kmd.law

NOTICE: This electronic message (including any attachments) contains information from Kearney, McWilliams & Davis that may contain privileged and confidential attorney work product or attorney/client communication meant only for an intended recipient.  If you are not the intended recipient, note that any disclosure, copying, distribution or use of the contents of this message is prohibited.  If you received this message in error, please notify the sender immediately and delete this message from your system.

Exhibit 20

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PRIDE HOUSTON, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **THE NEW FACES OF PRIDE** | § | |
| **HOUSTON, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

---

### Temporary Restraining Order

---

After considering Plaintiff Pride Houston, Inc.'s ("Pride Houston") Application for Temporary Restraining Order, as well as the pleadings, the affidavits, and arguments of counsel, if any, the Court finds there is evidence that harm is imminent to Plaintiff and if the Court does not issue the temporary restraining order Plaintiff will be irreparably injured because Defendant, The New Faces of Pride Houston, Inc. ("Enjoined Party"), is likely to damage, infringe, improperly utilize, and cause irreparable injury to Plaintiff's unique federally-registered trademarks, brand, and trade name as further described in Plaintiff's Original Complaint (the "Trademarks"), the right to which is part of the subject matter of this litigation.

An *ex parte* order, without notice to the Enjoined Party, is necessary because there was not enough time to give notice to the Enjoined Party, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur, as there is evidence of a continuous and ongoing marketing campaign using the Trademarks that has caused, and will continue to cause, actual confusion in Plaintiff's consumers between Plaintiff and Defendant, irreparably harm

1

Plaintiff's reputation and goodwill, and irreparably harm Plaintiff's ability to obtain funding and donations for its business operations.  Specifically, the Enjoined Party has stated their intention to continue its infringing use of the Trademarks, and absent this Order, there is nothing to prevent the Enjoined Party from doing so upon notice of a hearing.

The Court further finds that there is a likelihood of success on the merits by Plaintiff, that irreparable harm will occur should this Order not be granted, and that the public interest and balance of harms support issuance of this Order.  It is therefore,

**ORDERED** that the Enjoined Party, and their parent companies, subsidiary companies, officers, agents, servants, warehousemen, employees, successors, and assigns, and attorneys, and all parties acting in concert therewith, who receive constructive notice of this Order are hereby **RESTRAINED AND ENJOINED** from:

 i. Marketing or promoting any events, or accepting participant registrations for any events, that improperly publishes, displays, or in any way uses Plaintiff's Trademarks in the event name, social media tags, or other marketing, information, and/or other materials;

 ii. Marketing, advertising, fundraising, or soliciting donations, supports, and vendors in relation to Defendant's infringing "The New Faces of Pride Houston" business;

 iii. Advertising Defendant's infringing "The New Faces of Pride Houston" business, soliciting any more of Plaintiff's supporters' donations in relation to Defendant's infringing use of same or Defendant's competing social events;

 iv. Claiming to be the "Official Houston Pride" organization in any capacity; and/or

 v. Using any phrase, tradename, trademark, service mark, or business, corporate, or domain name that is confusingly similar to Plaintiff's Trademarks, including, but not

limited to, Pride Houston, Houston Pride Festival, Houston Pride Parage, Houston LBGT Pride Celebration, and Pride Houston Celebration; and

vi. Operating or otherwise using any social media account, page, or domain with a name or title that is confusingly similarly to Plaintiff's Trademarks, including but not limited to Pride Houston, Houston Pride Festival, Houston Pride Parage, Houston LBGT Pride Celebration, and Pride Houston Celebration and any variations or similar spellings or appearances of same, wherein confusingly similar phrases, words, tradenames, trademarks, service marks, or domain names, including any variation or similar spelling or appearance of same, whether alone or in combination with other words, numbers, colors, logos, or designs that are confusingly similar to the Trademarks, and whether in lower or upper case or stylized format, without the express written consent of Pride Houston.

**ORDERED** that the Enjoined Party shall appear before this Court, at Room _____ of the U.S. District Court for the Southern District of Texas, Houston Division, located at 515 Rusk Street, Houston, Harris County, Texas on the _____ day of _____, 2023, at _____ __.M., and then and there show cause, if any there be, why a temporary injunction should not be issued as requested by Plaintiff.

The Clerk of the Court is hereby directed to issue a show cause notice to the Enjoined Party to appear at the temporary injunction hearing.

The Clerk of the above-entitled Court shall forthwith, on the filing by Plaintiff of the bond of $_____, and on approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this Order.

This Order shall expire in its entirety on the _____ day of _____, 2023.

3

SIGNED the _____ day of _____, 2023, at _____ ___.M.

_____
U.S. DISTRICT JUDGE

**Approved as to Form and Entry Requested by:**

*/s/Jamison B. Walters*
Jamison B. Walters
SBN: 24098573
SDTX FN: 3098621
jwalters@kmd.law
Bradley A. Nevills
SBN: 24083561
SDTX FN: 1852126
bnevills@kmd.law
Erik J. Osterrieder
SBN: 24013276
SDTX FN: 24165
eosterrieder@kmd.law
55 Waugh Drive, Ste. 150
Houston, Texas 77007
Tel: (888) 855-1270
Fax: (713) 936-9622
***Attorneys for Plaintiff Pride Houston, Inc.***

4